# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| Clinton Jackson and James Thomas, | ) | |
| individually and on behalf of | ) | Civil Action No. <u>4:19-cv-00178</u> |
| all others similarly situated, | ) | |
| | ) | **<u>JURY TRIAL DEMANDED</u>** |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| Synergies3 TEC Services, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFFS' SECOND AMENDED COLLECTIVE
## AND CLASS ACTION COMPLAINT

Plaintiffs Clinton Jackson and James Thomas, individually and on behalf of other similarly situated installation technicians, state as follows for their Complaint against Defendant Synergies 3 Tec Services, LLC ("Synergies3" or "Defendant"):

## PRELIMINARY STATEMENT

1.      This is a class and collective action brought by Plaintiff Clinton Jackson and James Thomas ("Plaintiffs"), on behalf of themselves and all others similarly situated.  Plaintiffs and those similarly situated worked for Synergies3 as installation technicians, and were denied proper compensation as required by federal wage and hour laws.

2.      Plaintiffs seek unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*  Pursuant to the § 216(b) of the FLSA, Plaintiffs bring this claim as a putative collective action on behalf of the FLSA Collective defined below.

3.      Plaintiffs also seek to recover unpaid overtime compensation under R.S. Mo. §§ 290.500(3) & (4); R.S. Mo. § 290.505.1; 820 ILCS § 105/3(c) & (d); 820 ILCS § 105/4a.

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring these claims as putative class actions on behalf of themselves and the Missouri Rule 23 Class and Illinois Rule 23 Class defined below.

4.      Plaintiffs also seek to recover wages, salary, employment benefits, other compensation denied, double damages, compensatory damages, and an amount up to $500 for each violation of the Illinois' Employee Classification Act ("ECA"), 820 ILCS § 185/1 *et seq*.

5.      Defendant misclassified Plaintiffs and other similarly situated installation technicians as "independent contractors" and failed to pay them one and one-half (1.5) times their regular rate of pay for all hours worked over forty (40) in a workweek.

## THE PARTIES

6.      Plaintiff Clinton Jackson resides in Collinsville, Illinois. He worked for Defendant as an installation technician from approximately October 2016 to January 2018.  Plaintiff Jackson first worked for Defendant out of its Bellville, Illinois office and then later out of its St. Charles, Missouri office.

7.      Plaintiff James Thomas resides in Waverly, Kansas.  He worked for Defendant as an installation technician from approximately May 2017 to April 2018.  Plaintiff Thomas first worked for Defendant out of its Bellville, Illinois office and then later out of its St. Charles, Missouri office.

8.      Synergies3 is a Texas limited liability company, registered to conduct business in Missouri, Illinois and other states across the country.

9.      Synergies3 is a satellite installation provider for AT&T (DirecTV).  It provides satellite installation services to AT&T customers across the United States.

10.     Synergies3 is or has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and, upon

2

information and belief, has had an annual gross volume of sales made or business done of not less than $500,000 at all relevant times.

11.     Defendant has a practice of unlawfully and improperly classifying its installation technicians, including Plaintiffs and those similarly situated, as "independent contractors."

12.     Defendants maintained a practice of paying its installation technicians, including Plaintiffs, the FLSA Collective, the Missouri Rule 23 class and the Illinois Rule 23 class by piece rate and not paying them proper overtime compensation.  Plaintiffs, and other installation technicians, were under Defendant's direction and control and were all subject to the same unlawful pay practice.

## JURISDICTION & VENUE

13.     This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, because Plaintiffs' claims arise under the FLSA.  The Court has supplemental jurisdiction over the Missouri and Illinois state law claims pursuant to 28 U.S.C. § 1367 because Plaintiffs' state and federal claims derive from a common nucleus of operative fact, and are so related that they form part of the same case or controversy.

14.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS

15.     Plaintiffs, the FLSA Collective, the Missouri Rule 23 Class and the Illinois Rule 23 Class worked for Defendant as installation technicians.

16.     In performing work as an installation technician, Plaintiffs and those similarly situated installed, repaired, and disconnected wiring, satellite dishes, and other telecommunications equipment in customers' homes and business premises.

3

17.      Plaintiffs and those similarly situated regularly used drills and other light power tools to, among other things, feed cables through walls and affix satellite dishes and other telecommunications equipment to roofs and other building structures.

18.      Plaintiffs and those similarly situated were paid on piece-rate or per job basis.

19.      Defendant's piece-rate or per-job compensation plan did not properly pay Plaintiffs and the similarly situated installation technicians overtime pay for the overtime hours they worked.

20.      Defendant unlawfully classified Plaintiffs, the FLSA Collective, the Missouri Rule 23 Class and the Illinois Rule 23 Class as an "independent contractors" to avoid its obligations to pay overtime wages under federal and state law.  Defendant also utilized its "independent contractor" misclassification scheme to improperly reap other benefits, including reducing its tax liability, avoiding workers' compensation, and passing operating costs on to its workforce.

21.      Despite classifying Plaintiffs and those similarly situated as "independent contractors," Defendant's installation technicians were and are, in fact, employees under federal and state law.

22.      At all relevevant times, Defendant is, and has been, an "employer" of Plaintiffs and those similarly situated within the meaning of the federal and state law.

23.      Plaintiffs, FLSA Collective, the Missouri Rule 23 Class and the Illinois Rule 23 Class worked for Defendant on a full-time and continuing basis.  Plaintiffs and those similarly situated did not sell or advertise their services to the general public, or work for any other company other than Defendant.

24.      Plaintiffs and those similarly situated were also subject to Defendant's direction and control regarding the manner in which they performed their work. For instance:

4

a. Defendant required its installation technicians to follow Defendant's instructions, processes, and policies regarding the methods by which their work was to be completed.

b. Defendant supervised Plaintiffs' and the similarly situated installation technicians' work.

c. Defendant required Plaintiffs and the similarly situated installation technicians to use specific applications on their personal mobile phones and/or tablets to open and close work orders, and to track the work they completed each day.

d. Defendant determined and set Plaintiffs' and the similarly situated installation technicians' schedules.

e. Defendant's installation technicians did not generate their own business.  Rather, the customers for whom they provided installation services for, were contracted through Defendant and/or Defendant's customers.

f. Defendant determined Plaintiffs and the similarly situated installation technicians' pay by setting the non-negotiable rates included in its piece-rate compensation structure.

g. Defendant required Plaintiffs and similarly situated installation technicians to attend meetings to discuss job performance and details and specifications related to the work to be completed for Defendant's customers.

h. Defendant required installation technicians to obtain specific certifications in order to perform work for Defendant.

i. Defendant required installation technicians to communicate any changes in their work schedule and/or hours to Defendant, in advance of the changes.

      j.    Defendant had the ability to discipline its installation technicians if they did not follow Defendant's standards, policies and / or procedures.

25.    Defendant has suffered and permitted Plaintiffs to regularly work more than forty (40) hours a week without overtime compensation.

26.    For example, during the workweek ending August 17, 2017, Plaintiff Jackson estimates that he worked approximately 60 hours without receiving any overtime pay.

27.    During the workweek ending August 17, 2017, Plaintiff Thomas estimates that he worked approximately 60 hours without receiving any overtime pay.

28.    Defendant has also suffered and permitted other similarly situated installation technicians to regularly work more than forty (40) hours in a workweek without overtime compensation.

29.    Defendant knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiffs, FLSA Collective, the Missouri Rule 23 Class and the Illinois Rule 23 Class proper overtime compensation for all hours worked over forty (40) in a workweek.

30.    Plaintiffs complained to Defendant about its improper classification of installation technicians as "independent contractors."  Defendant informed Plaintiffs that it was planning to reclassify Plaintiffs and other installation technicians to W-2 employees, and that it would start paying them an overtime premium for their overtime hours.  Despite these representations, Defendant did not follow through on the reclassification and, as a result, continued to deny Plaintiffs and other installation technicians proper overtime wages.

31.    Defendant did not keep accurate or complete records of the hours Plaintiffs and other similarly situated installation technicians worked.

6

## COLLECTIVE ACTION ALLEGATIONS

32.     Pursuant to FLSA, 29 U.S.C. § 216(b), Plaintiffs' consent forms are attached as

**Exhibit A**. The consent form of an opt-in Plaintiff is attached as **Exhibit B**.  As this case

proceeds, it is likely other individuals will join this case as opt-in Plaintiffs.

33.     Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiffs seek to certify the following

FLSA Collective:

> All installation technicians who worked for Defendant and were
> classified as "independent contractors" at any time within three years
> prior to the filing of the Complaint (the "FLSA Collective") to the date
> of final judgment.

34.     Upon information and belief, Defendant knew that Plaintiffs and the FLSA

Collective performed work that required overtime pay.  Defendant operated under a scheme to

deprive these workers of overtime compensation by misclassifying them as independent

contractors and failing to properly compensate them for their overtime hours worked.

35.     Defendant is liable under the FLSA for failing to properly compensate Plaintiffs

and the FLSA Collective, and as such, notice should be sent to the FLSA Collective.  There are

numerous similarly situated current and former installation technicians who have been denied

overtime pay by Defendant in violation of the FLSA who would benefit from the issuance of

court-supervised notice of this lawsuit and the opportunity to join.  Those similarly situated

installation technicians are known to Defendant and should be readily identifiable through

Defendant's records.

## MISSOURI RULE 23 CLASS ACTION ALLEGATIONS

36.     The class of similarly situated workers sought to be certified under Fed. R. Civ. P.

23(a) and 23(b) as a class action under Fed. R. Civ. P. 23 is defined as:

> All installation technicians who worked for Defendant in Missouri and
> were classified as "independent contractors" at any time within two years

7

prior to the filing of the Complaint (the "Missouri Rule 23 Class") to the date of final judgment.

37.     Pursuant to Fed. R. Civ. P. 23(a) and 23(b), Plaintiffs bring Count II on behalf of themselves and on behalf of the Missouri Rule 23 Class for violations of the overtime provisions of the Missouri Minimum Wage Law, R.S. Mo. §§ 290.500(3) & (4); R.S. Mo. § 290.505.1.

38.      The persons in the Missouri Rule 23 Class are so numerous that joinder of all members is impracticable.  While the precise number of class members has not been determined at this time, on information and belief, at least 50 individuals worked as installation technicians for Defendant during the applicable statute of limitations period.  Plaintiffs and the proposed Missouri Rule 23 Class have been equally affected by Defendant's violations of law.

39.     There are questions of law and fact common to the proposed Missouri Rule 23 Class that predominate over questions solely affecting individual members of the proposed Missouri Rule 23 Class, including but not limited to the following:

   a.  Whether Defendant misclassified Plaintiffs and the Missouri Rule 23 Class as "independent contractors";

   b.  Whether Defendant violated Missouri law for failure to pay all overtime wages due and owing;

   c.  The proper measure and calculation of damages; and

   d.  Whether Defendant failed to keep accurate record of the hours Plaintiffs and the similarly situated installation technicians worked.

40.     Plaintiffs' claims are typical of those members of the Missouri Rule 23 Class. Plaintiffs, like other members of the proposed Missouri Rule 23 Class, were subject to Defendant's practices and policies described in this Complaint.  Further, Plaintiffs' job duties are typical of the Missouri Rule 23 Class, as all class members are or were installation technicians.

8

41.     Plaintiffs will fairly and adequately protect the interest of the proposed Missouri Rule 23 Class and have retained counsel experienced in complex wage and hour class and collective action litigation.

42.     This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law or fact predominate over questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair an efficient adjudication of this controversy because, in the context of wage and hour litigation, individual plaintiffs often lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants.  Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendant's policies and practices.  There do not appear to be any difficulties in managing this class action.

43.     Plaintiffs intend to send notice to all members of the proposed Missouri Rule 23 Class to the extent required by Fed. R. Civ. P. 23.

## ILLINOIS RULE 23 CLASS ACTION ALLEGATIONS

44.     The class of similarly situated workers sought to be certified under Fed. R. Civ. P. 23(a) and 23(b) as a class action under Fed. R. Civ. P. 23 is defined as:

> All installation technicians who worked for Defendant in Illinois and were classified as "independent contractors" at any time within three years prior to the filing of the Complaint (the "Illinois Rule 23 Class") to the date of final judgment.

45.     Pursuant to Fed. R. Civ. P. 23(a) and 23(b), Plaintiffs bring Count III on behalf of themselves and on behalf of the Illinois Rule 23 Class for violations of the overtime provisions of the Illinois Minimum Wage Law, 820 ILCS § 105/3(c) & (d); 820 ILCS § 105/4a, and the Illinois Employee Classification Act, 820 ILCS § 185/60(a).

9

46.     The persons in the Illinois Rule 23 Class are so numerous that joinder of all members is impracticable.  While the precise number of class members has not been determined at this time, on information and belief, at least 50 individuals worked as installation technicians for Defendant during the applicable statute of limitations period.  Plaintiffs and the proposed Illinois Rule 23 Class have been equally affected by Defendant's violations of law.

47.     There are questions of law and fact common to the proposed Illinois Rule 23 Class that predominate over questions solely affecting individual members of the proposed Illinois Rule 23 Class, including but not limited to the following:

   a.  Whether Defendant misclassified Plaintiffs and the Illinois Rule 23 Class as "independent contractors";

   b.  Whether Defendant violated Illinois law for failure to pay all overtime wages due and owing;

   c.  Whether Plaintiffs worked in the "construction industry";

   d.  The proper measure and calculation of damages; and

   e.  Whether Defendant failed to keep accurate record of the hours Plaintiffs and the similarly situated installation technicians worked.

48.     Plaintiffs' claims are typical of those members of the Illinois Rule 23 Class. Plaintiffs, like other members of the proposed Illinois Rule 23 Class, were subject to Defendant's practices and policies described in this Complaint.  Further, Plaintiffs' job duties are typical of the Illinois Rule 23 Class, as all class members are or were installation technicians.

49.     Plaintiffs will fairly and adequately protect the interest of the proposed Illinois Rule 23 Class and have retained counsel experienced in complex wage and hour class and collective action litigation.

50.     This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law or fact predominate over questions affecting individual class

members, and a class action is superior to other methods in order to ensure a fair an efficient

adjudication of this controversy because, in the context of wage and hour litigation, individual

plaintiffs often lack the financial resources to vigorously prosecute separate lawsuits in federal

court against large corporate defendants.  Class litigation is also superior because it will preclude

the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to

Defendant's policies and practices.  There do not appear to be any difficulties in managing this

class action.

51.     Plaintiffs intend to send notice to all members of the proposed Illinois Rule 23

Class to the extent required by Fed. R. Civ. P. 23.

## CAUSES OF ACTION

### COUNT I – OVERTIME WAGES
**FAIR LABOR STANDARDS ACT – 29 U.S.C. § 201,** *et seq.*
*On Behalf of Plaintiffs and the FLSA Collective*

52.     Plaintiffs reallege and incorporate by reference all allegations in all preceding

paragraphs.

53.     The FLSA requires employers to pay non-exempt employees overtime

compensation at a rate of one and one-half (1.5) times their regular rate of pay for all hours

worked over forty (40) in a workweek. *See* 29 U.S.C. § 207.

54.     Plaintiffs and the proposed FLSA Collective were or are employees of Defendant

within the meaning of the FLSA.

55.     Defendant is or was the employer of Plaintiffs and the proposed FLSA Collective

within the meaning of the FLSA, 29 U.S.C. § 203(d).

56.     As a result of its unlawful classification of Plaintiffs and FLSA Collective as

"independent contractors," and its failure to pay them the overtime compensation required by

law, Defendant has violated the provisions of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2).

11

57.     Defendant suffered and permitted Plaintiffs and those similarly situated to routinely work more than forty (40) hours in a workweek without proper overtime compensation as required by the FLSA, 29 U.S.C. § 201 *et seq.*, and its implementing regulations.

58.     Defendant's failure to comply with the FLSA overtime protections caused Plaintiffs and those similarly situated to suffer loss of wages and interest thereon.

59.     Defendant knew, or showed reckless disregard for the fact, that it failed to pay these individuals proper overtime compensation in violation of the FLSA.

60.     Defendants have not acted in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated workers are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages and overtime compensation permitted by 29 U.S.C. § 216(b).  Alternatively, should the Court find that Plaintiffs and the other installation technicians are not entitled to recover liquidated damages, then they are entitled to an award of prejudgment interest at the applicable legal rate.

61.     Plaintiffs and those similarly situated are entitled to unpaid overtime, liquidated damages, and attorney's fees and costs under the FLSA.

62.     Plaintiffs, on behalf of themselves and the FLSA Collective, seek recovery of attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

WHEREFORE, on Count I of this Complaint, Plaintiffs and all similarly situated installation technicians demand judgment against Defendant and pray for (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed under 29 U.S.C. 216(b); (4) pre-judgment and post-judgement interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

12

**COUNT II – OVERTIME WAGES**
**VIOLATION OF THE MMWL FOR FAILURE TO PAY OVERTIME WAGES**
**MMWL. R.S. Mo. §§ 290.505.1**
*On Behalf of Plaintiffs and the Proposed Missouri Rule 23 Class*

63.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

64.     Plaintiffs and the proposed Missouri Rule 23 Class were or are employees of Defendant within the meaning of the MMWL. R.S. Mo. §§ 290.500(3).

65.     Defendant is or was the employer of Plaintiffs and the proposed Missouri Rule 23 Class within the meaning of the MMWL. R.S. Mo. §§ 290.500(3) & (4).

66.     The MMWL requires employers to pay non-exempt employees one and one-half (1.5) times the regular rate of pay for all hours worked over forty (40) per week.  R.S. Mo. § 290.505.1.

67.     Defendant suffered and permitted Plaintiffs and Missouri Rule 23 Class to routinely work more than forty (40) hours in a workweek without proper overtime compensation as required by the MMWL. *Id.*

68.     Defendant's failure to comply with the MMWL's overtime protections caused Plaintiffs and the Missouri Rule 23 Class to suffer loss of wages and interest thereon.

69.     Plaintiffs and the Missouri Rule 23 Class are entitled to unpaid overtime, liquidated damages, and attorney's fees and costs under the MMWL.  R.S. Mo. § 290.527.

WHEREFORE, on Count II of this Complaint, Plaintiffs demand judgment against Defendant and pray for (1) compensatory damages; (2) an equal amount as and for liquidated damages pursuant to R.S. Mo. § 290.527; (3) attorneys' fees and costs as allowed by R.S. Mo. § 290.527; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## COUNT III – OVERTIME WAGES
**VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW ("IMWL") FOR FAILURE
TO PAY OVERTIME WAGES
820 ILCS § 105/4a**
*On Behalf of Plaintiffs and the Proposed Illinois Rule 23 Class*

70.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

71.     Plaintiffs and the proposed Illinois Rule 23 Class were or are employees of Defendant within the meaning of the IMWL. 820 ILCS § 105/3(d).

72.     Defendant is or was the employer of Plaintiffs and the proposed Illinois Rule 23 Class within the meaning of the IMWL.  820 ILCS § 105/3(c) & (d).

73.     The IMWL requires employers to pay non-exempt employees one and one-half (1.5) times the regular rate of pay for all hours worked over forty (40) per week.  820 ILCS § 105/4a.

74.     Defendant suffered and permitted Plaintiffs and Illinois Rule 23 Class to routinely work more than forty (40) hours in a workweek without proper overtime compensation as required by the IMWL. *Id.*

75.     Defendant's failure to comply with the IMWL's overtime protections caused Plaintiffs and the Illinois Rule 23 Class to suffer loss of wages and interest thereon.

76.     Plaintiffs and the Illinois Rule 23 Class who worked for Defendant prior to February 19, 2019 are entitled to unpaid overtime, penalty interest equal to two percent (2%) of Defendant's underpayments for each month following the date of payment during which underpayment remained unpaid, pre-judgment and post-judgment interest, and attorney's fees and costs under the IMWL.  820 ILCS §§ 105/4a(1) and 105/12(a) (2006).

77.     Plaintiffs and the Illinois Rule 23 Class who worked for Defendant on and after February 19, 2019 are entitled to treble the amount of unpaid overtime, penalty interest equal to

five percent (5%) of Defendant's underpayments for each month following the date of payment during which underpayment remained unpaid, pre-judgment and post-judgment interest, and attorneys' fees and costs under the IMWL.  820 ILCS §§ 105/4(a)(1), 105/12(a) (2019).

WHEREFORE, on Count III of this Complaint, Plaintiffs demand judgment against Defendant and pray for (1) compensatory damages; (2) penalty interest per 820 ILCS § 105/12(a); (3) attorneys' fees and costs as allowed by 820 ILCS § 105/12(a); (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

**COUNT IV – MISCLASSIFICATION PENALTIES**
**VIOLATION OF THE EMPLOYEE CLASSIFICATION ACT ("ECA") FOR FAILURE TO PAY OVERTIME WAGES**
**820 ILCS § 185/1 *et al*.**
***On Behalf of Plaintiffs and the Proposed Illinois Rule 23 Class***

78.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

79.    The ECA authorizes court actions by private parties to recover damages for misclassification of workers as "independent contractors."  820 ILCS § 185/60(a).

80.    During all relevant times, Defendant has been the "employer" of Plaintiffs and the Proposed Rule 23 Class within the meaning of the ECA.  820 ILCS § 185/5.

81.    During all relevant times, Defendant has been a "contractor" as defined by the ECA.  820 ILCS § 185/5.

82.    During all relevant times, Defendant has been engaged in "construction" as defined by the ECA.  820 ILCS § 185/5.

83.    During all relevant times, Plaintiffs and the Propose Illinois Rule 23 Class have "performed services" for Defendant as defined by the ECA.  802 ILCS § 185/5.

84.    The ECA, 820 ILCS § 185/10(b) provides that an individual performing services for a contractor is deemed to be an employee of the contractor unless it is shown that:

15

(1) the individual has been and will continue to be free from control or direction over the performance of the service for the contractor, both under the individual's contract of service and in fact;(2) the service performed by the individual is outside the usual course of services performed by the contractor; and

(3) the individual is engaged in an independently established trade, occupation, profession or business; or

(4) the individual is deemed a legitimate sole proprietor or partnership under subsection (c) of this Section.

85.     Defendant violated the ECA by failing and refusing to classify Plaintiffs and the Proposed Illinois Rule 23 Class as "employees."

86.     As more fully set forth above, Plaintiffs and the Proposed Illinois Rule 23 Class have not and are not free from the control or direction of Defendant.  Plaintiffs and the Proposed Illinois Rule 23 Class were subject to the direction and control of Defendant for the performance of their work.

87.     As more fully set forth above, the services Plaintiffs and the Proposed Illinois Rule 23 Class were not outside the usual course of services offered by Defendant.  Defendant's primary business is satellite television installation services and Defendant relies upon Plaintiffs and the Proposed Illinois Rule 23 Class to perform those satellite television installations.

88.      Defendant violated 820 ILCS § 185/20 by failing to classify Plaintiffs and the proposed Illinois Rule 23 Class as employees pursuant to Section 10 of the ECA, 820 ILCS § 185/10.

89.     Defendant's violation of 820 ILCS § 185/20 was willful under 820 ILCS § 185/45.

WHEREFORE, on Count IV of this Complaint, Plaintiffs and the proposed Illinois Rule 23 Class demand judgment against Defendant and pray for (1) the amount of any wages, salary, employment benefits, or other compensation denied or lost to the Plaintiffs and the proposed Illinois Rule 23 Class by reason of the violation, plus an equal amount of liquidated damages,

pursuant to 820 ILCS § 185/60(a)(1); (2) compensatory damages per 820 ILCS § 185/60(a)(2);

(3) an amount up to $500 for each violation of the ECA or any rule adopted under the ECA as

provided in 820 ILCS § 185/60(a)(2); (4) attorneys' fees and costs under 820 ICLS

§ 185/60(a)(4); (5) pre-judgment and post-judgment interest as provided by law; and (6) such

other relief as the Court deems fair and equitable.


Dated:  May 1, 2019

                                                  Respectfully Submitted:


                                                  *s/ Rachhana T. Srey*
                                                  Rachhana T. Srey, MN Bar No. 340133
                                                  srey@nka.com
                                                  Jay Eidsness, MN Bar No. 0395347
                                                  jeidness@nka.com
                                                  NICHOLS KASTER, PLLP
                                                  4600 IDS Center, 80 S. 8th Street
                                                  Minneapolis, Minnesota 55402
                                                  Telephone: (612) 256-3200
                                                  Facsimile: (612) 215-6870


                                                  Mark Potashnick, Mo. Bar # 41315
                                                  markp@wp-attorneys.com
                                                  WEINHAUS & POTASHNICK
                                                  11500 Olive Blvd., Suite 133
                                                  St. Louis, MO 63141
                                                  Telephone: (314) 997-9150
                                                  Facsimile: (314) 997-9170


                                                  Eli Karsh, Mo. Bar # 43061
                                                  elikarsh@aol.com
                                                  LIBERMAN, GOLDSTEIN & KARSH
                                                  230 South Bemiston Avenue, Suite 1200
                                                  St. Louis, MO  63105
                                                  Telephone: (314) 862-3333
                                                  Facsimile: (314) 862-0605


                                                  Benjamin Westhoff, Mo. Bar #53047
                                                  bwesthoff@sedeyharper.com
                                                  SEDEY HARPER WESTHOFF, P.C.

2711 Clifton Ave.
St. Louis, MO 63139
Telephone: (314) 773-3566
Facsimile: (314) 773-3615

ATTORNEYS FOR PLAINTIFFS AND
THOSE SIMILARLY SITUATED