# UNITED STATES DISTRICT COURT
# EASTERN DIVISION OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CLINTON JACKSON and JAMES, THOMAS, individually and on behalf of all other similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:19-cv-00178-SRC |
| SYNERGIES3 TEC SERVICES, LLC, | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs' Motion for Conditional Certification and Court-Authorized Notice [45]. The Court grants Plaintiffs' Motion for Conditional Certification. The Court grants in part and denies in part Plaintiffs' Motion for Court-Authorized Notice.

## I.    BACKGROUND

On February 4, 2019, Plaintiffs Clinton Jackson and James Thomas, individually and on behalf of all others similarly situated, filed a Complaint in this Court under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., against Defendant Synergies3 Tec Services, LLC to recover unpaid overtime compensation.[1] Doc. 1. According to the operative Complaint,[2] Synergies3 is a satellite installation provider for AT&T (DirecTV), registered to conduct business in Missouri, Illinois, and other states across the country. Plaintiffs allege that Synergies3 contracts with installation technicians to provide satellite installation and

---

1 Plaintiffs also bring putative class action claims under state law. *See, e.g.,* Missouri Minimum Wage Law (MMWL), Mo.Rev.Stat. § 290.500 *et seq.* Plaintiffs have not moved to certify a class pursuant to Federal Rule of Civil Procedure 23 for any of their state law claims, and the state law claims are not the subject of the instant motion.

2 Plaintiffs have amended their Complaint twice. *See* Docs. 8, 49.

- 1 -

maintenance services for DirecTV and DirecTV's customers. Jackson and Thomas both allege that they worked for Synergies3 as installation technicians.

Plaintiffs allege that, although Synergies3 classified Plaintiffs and other similarly-situated installation technicians as independent contractors, Synergies3's installation technicians were and are, in fact, employees under federal and state law. Plaintiffs contend that Synergies3 deliberately misclassified installation technicians as independent contractors to avoid paying overtime wages. Plaintiffs further allege that Synergies3 unlawfully denied them overtime pay, even when they worked more than 40 hours per week, through Synergies3's practice of paying installation technicians on a per-job, "piece-rate," basis.

On April 23, 2019, Plaintiffs filed a motion, pursuant to § 216(b) of the FLSA, to conditionally certify a collective class action of all installation technicians who worked for Synergies3 and whom Synergies3 classified as "independent contractors" at any time within three years before Plaintiffs filed their Complaint. Doc. 45. In addition, Plaintiffs seek approval of a form of notice to send to Syngergies3's past and present employees to provide them the opportunity to opt in as plaintiffs in this litigation.

In support of their motion for conditional certification, Plaintiffs offer seven similar declarations from individuals who attest they worked for Synergies3 as installation technicians and were classified as independent contractors. The declarants worked for Synergies3 in different states and varied in the number of hours they typically worked each week, but otherwise the seven declarations contain essentially identical assertions. All declarants attest that Synergies3 assigned the jobs they were to complete each workday, and that Synergies3 set the methods and standards for their work. The declarants attest that Synergies3 did not give them the option to refuse jobs once assigned by Synergies3, and that they had to request time off at least two weeks in advance. The declarants state that Synergies3 supplied the equipment they

used as installation technicians. All of the declarants attest that Synergies3 paid them on a piece-rate basis set by Synergies3, with no ability to negotiate pricing with the customer. Finally, all declarants attest Synergies3 did not pay them overtime wages, even though they typically worked more than forty hours per week.

**II.      APPLICABLE LAW**

Under the FLSA, plaintiffs may sue for failure to pay overtime and other violations of the statute on behalf of "themselves and other employees similarly situated." 29 U.S.C. § 216(b). The statute does not define "similarly situated." The Eighth Circuit held that plaintiffs may be similarly situated if "they suffer from a single, FLSA-violating policy. . ." *Bouaphakeo v. Tyson Foods, Inc.*, 765 F.3d 791, 796 (8th Cir. 2014), *aff'd and remanded*, 136 S. Ct. 1036 (2016) (quoting *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009)). When making this determination, the Court may consider "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; [and] (3) fairness and procedural considerations." *Id*. (quoting *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1103 (10th Cir. 2001)).

When applying the FLSA to a potential group of plaintiffs, district courts in this circuit apply a two-step analysis. *Getchman v. Pyramid Consulting, Inc.*, No. 4:16 CV 1208 CDP, 2017 WL 713034, at *4 (E.D. Mo. Feb. 23, 2017) (collecting cases). In the first step, the plaintiff moves for conditional certification "for notice purposes at an early stage of the litigation." *Id*. In the second step, the court determines, after the close of discovery, whether the plaintiffs are actually similarly situated. *Id*. The plaintiffs' burden for the first step "is not onerous." *Id*. (citing *Kautsch v. Premier Comm'ns*, 504 F. Supp. 2d 685, 688 (W.D. Mo. 2007)). Plaintiffs need only provide "substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Id*. (quoting *Davis v. Novastar Mortgage, Inc.*, 408

F. Supp. 2d 811 (W.D. Mo. 2005)). Granted, plaintiffs cannot meet their burden by providing "[u]nsupported assertions that FLSA violations were widespread," or assertions "not based on personal knowledge." *Haynes v. Singer, Co.*, 696 F.2d 884, 887 (11th Cir.1983); *Settles v. Gen. Elec.*, No. 12-00602-CV-W-BP, 2013 WL 12143084, at *2 (W.D. Mo. Feb. 19, 2013). Instead, plaintiffs must make a "modest factual showing", *Kautsch*, 504 F. Supp. 2d at 690, sufficient to "establish[] a colorable basis for their claim that a class of similarly situated plaintiffs exist." *McCallister v. First Banks, Inc.*, No. 4:13CV561 HEA, 2014 WL 988448, at *2 (E.D. Mo. Mar. 13, 2014). "A colorable basis means that [plaintiffs] must come forward with something more than the mere averments in [the] complaint in support of [their] claim." *Id.*

"At first-stage certification the court exercises its discretion to determine whether a collective action is appropriate, but makes no credibility determinations or findings of fact with respect to contrary evidence presented by the parties at this initial stage." *Davenport v. Charter Commc'ns, LLC*, No. 4:12CV0007 AGF, 2014 WL 1272783, at *4 (E.D. Mo. Mar. 27, 2014) (internal citations omitted). "Once the Court conditionally certifies the class, potential class members are given notice and the opportunity to opt-in." *Dernovish v. AT & T Operations, Inc.*, No. 09–0015–CV–W–ODS, 2010 WL 143692, at *1 (W.D. Mo. Jan. 12, 2010) (internal quotations and citation omitted).

### III. DISCUSSION

#### A. Conditional Certification

The Court finds that Plaintiffs provided substantial allegations that the putative class members were together victims of a common policy or plan. Plaintiffs have adequately alleged that, despite their classification by Synergies3 as "independent contractors," Plaintiffs and the other installation technicians they seek to represent were in fact employees for purposes of the FLSA. *See Fair v. Communications Unlimited, Inc.,* No. 4:17CV02391 SRC, 2019 WL

4695942, at *5 (E.D. Mo. Sept. 26, 2019) (conditionally certifying collective action involving technicians classified as independent contractors); *Putman v. Galaxy 1 Mktg., Inc.*, 276 F.R.D. 264, 274-275 (S.D. Iowa Aug. 23, 2011) (conditionally certifying collective action involving satellite installation workers who were classified as independent contractors); *Edwards v. Multiband Corp.*, No. CIV. 10-2826 MJD/JJK, 2011 WL 117232, at *4 (D. Minn. Jan. 13, 2011) (conditionally certifying collective action involving DirecTV installation technicians classified as independent contractors).

Plaintiffs allege that Synergies3 misclassified installation technicians as independent contractors to avoid paying overtime wages, even though Plaintiffs and other members of the putative class were, in fact, Synergies3's employees. Doc. 49, ¶¶ 20-21. Plaintiffs allege that the putative class worked exclusively for Synergies3 on a full-time and continuing basis. *Id.* at ¶ 23. Plaintiffs further allege that the putative class was subject to Synergies3's direction and control as to the manner in which they performed their work. *Id.* at ¶ 24. Finally, Plaintiffs allege that Synergies3 set putative class members' schedules. *Id.* at ¶ 24. These averments adequately allege that Plaintiffs and other similarly-situated installation technicians are, in fact, Synergies3's employees. *See Thornton v. Mainline Commc'ns, LLC*, 157 F. Supp. 3d 844, 847-48 (E.D. Mo. 2016) (discussing relevant factors).

The Court further finds that Plaintiffs have presented sufficient evidence to establish a "colorable basis" for conditional certification. *McCallister*, 2014 WL 988448, at *2 ("Conditional certification is appropriate … when the plaintiffs have established a colorable basis for their claim that a class of similarly situated plaintiffs exist."). The declarations from seven installation technicians who worked for Synergies3 in four different states—each stating that they Synergies3 paid them by piece-rate, classified them as independent contractors, and did not pay them for overtime hours worked—meet the required standard. The

declarants describe essentially identical treatment in terms of how Synergies3 managed their work and structured their pay. Additionally, the declarants identify other installation technicians whom Synergies3 treated similarly.[3] Based on this evidence, the Court finds that Plaintiffs have established a colorable basis for their claim that Synergies3 has a company-wide policy or practice of misclassifying installation technicians as independent contractors.

        **1.**        **Synergies3's Arguments Against Conditional Certification**

Contrary to Synergies3's arguments, Plaintiffs did not fail to provide any evidence of a company-wide policy. *See Wacker v. Personal Touch Home Care, Inc.*, No. 4:08CV93 CDP, 2008 WL 4838146, at *4 (E.D. Mo. Nov. 6, 2008) (holding that company-wide certification was inappropriate where plaintiff offered a single affidavit from employee who worked in a single state). Plaintiffs have submitted evidence that Synergies3 treated numerous installation technicians across multiple states in precisely the same way, which provides a colorable basis for Plaintiffs' claim that their common treatment was the result of a common policy. *See Cox v. Gordmans Stores, Inc.*, No. 4:16CV219 RLW, 2016 WL 6962508, at *3 (E.D. Mo. Nov. 28, 2016) (statements from employees at three locations "provide[d] a colorable basis for Plaintiffs' claim that the class members were the victims of a single decision, policy, or plan.").

Synergies3 argues that Plaintiffs' evidence does not support conditional certification of a nationwide class because none of the declarants evinces knowledge of Synergies3's practices or policies outside of the geographic locations where they personally worked. However, "[w]here an apparent company-wide policy is behind the alleged FLSA violations, the plaintiff seeking certification for a company-wide class action should not be required to collect specific violations from each location or from each state before seeking authorization to provide notice to employees from all locations." *Kelly v. Bluegreen Corp.*, 256 F.R.D. 626, 631 (W.D. Wis. 2009).

---

3 The declarations identify ten individuals, in addition to the seven declarants, whom Synergies3 also "paid by piece-rate, treated as independent contractors, and [did] not pa[y] for the overtime hours they worked."

As noted above, FLSA plaintiffs typically seek conditional certification—as in this case—before much or any discovery has occurred. Plaintiffs' evidentiary burden at this first stage of conditional certification is "not onerous." *Getchman*, 2017 WL 713034, at *4. Requiring Plaintiffs to offer evidence from every state or location where Synergies3 operates would impose an onerous burden, inappropriate at this early stage of conditional certification.

Relatedly, Synergies3 argues that the Court should deny conditional certification because Plaintiffs offer no evidence that "any of the declarants ever discussed this matter with someone from another work location or from Synergies3's headquarters" and did not provide "[i]dentification of any other work locations where independent contractor technicians may have performed similar work for Synergies3, let alone evidence pertaining to those locations." Defendant's Opposition, Doc. 52, pg. 3. As discussed above, the declarations offered by Plaintiffs cover Synergies3's operations in four states. Synergies3 does not argue that Plaintiffs' evidence covering four states represents too small a sample relative to the scope of its total operations.[4] Instead, Synergies3 apparently argues that certification of a company-wide class must *always* be denied unless plaintiffs can provide evidence of business practices in those locations where declarants *didn't* work. The law in this Circuit does not set the bar that high, and the Court declines to adopt such a rule here, as it would effectively require plaintiffs to obtain declarations from every location where a defendant operates. *Schmaltz v. O'Reilly Auto. Stores, Inc.*, No. 4:12-CV-1056-JAR, 2013 WL 943752, at *6 (E.D. Mo. Mar. 11, 2013) (plaintiff was "not required to provide detailed evidence of the unlawful practice occurring at each of Defendant's locations" to obtain conditional certification).

Synergies3 also argues that the Court should deny conditional certification because Plaintiffs have failed to offer evidence of "discussions" with someone from other work locations

---

4 Synergies3 does not reveal the geographic scope of its operations, or even indicate whether it operates in any states beyond those covered by Plaintiffs' declarations.

or headquarters, while acknowledging that such evidence would likely be inadmissible hearsay. Doc. 52, pg. 3. District courts have held that such evidence is inadmissible and cannot support a motion for conditional certification. *See, e.g., Pennington v. Integrity Commc'ns, LLC*, No. 1:12-CV-5 SNLJ, 2013 WL 357516, at *2 (E.D. Mo. Jan. 29, 2013). The Court will not fault Plaintiffs for not buttressing their motion with inadmissible evidence.

Courts in this Circuit have granted conditional certification of company-wide classes based on evidence comparable to, or even less than, what Plaintiffs have offered here. *See, e.g., Schleipfer v. Mitek Corp.,* No. 1:06CV109 CDP, 2007 WL 2485007, at *1 (E.D. Mo. Aug. 29, 2007) (granting conditional certification of company-wide class based on a single affidavit of named plaintiff); *Cox v. Gordmans Stores, Inc.*, No. 4:16CV219 RLW, 2016 WL 6962508, at *4 (E.D. Mo. Nov. 28, 2016) (statements of three employees from different offices provided "colorable basis" of company-wide policy supporting conditional certification); *Davenport*, 2014 WL 1272783, at *5 (same).

Synergies3 cites several cases in which district courts denied conditional certification of a company-wide class, but the Court finds each of them distinguishable. In *Andrews v. Appletree Answering Serv.*, No. 4:11 CV 2227 RWS, 2012 WL 2339322 (E.D. Mo. June 19, 2012), the plaintiffs offered declarations from employees working in only a single location, unlike the declarations encompassing multiple states that Plaintiffs present here. Synergies3 also cites *Pennington*, 2013 WL 357516, as a case in which the district court denied conditional certification of a company-wide class. In *Pennington*, the declarants offered only inadmissible hearsay that the alleged FLSA violation extended to any individuals beyond the declarants themselves. In contrast, each of the declarants in this case has averred personal knowledge of additional installation technicians whom Synergies3 improperly classified as independent contractors.

In each of the remaining cases cited by Synergies3 where the district court denied conditional certification, the defendants came forward with affirmative evidence showing the absence of a common company-wide policy. *See Wynn v. Express, LLC*, No. 11 C 4588, 2012 WL 874559, at *6 (N.D. Ill. Mar. 14, 2012) (in response to an allegation that retail store chain did not compensate employees for time spent making night deposits, defendant offered evidence that many stores did not perform night deposits); *Beecher v. Steak N Shake Operations, Inc.*, 904 F. Supp. 2d 1289, 1295 (N.D. Ga. 2012) (defendant offered nearly 90 declarations denying plaintiffs' allegations, including evidence that the complained-of practice was contrary to company policy).

In this case, Plaintiffs met their initial burden to show a "colorable basis" for conditional certification and Synergies3 has not rebutted Plaintiffs' evidence by showing either the absence of a common policy, or that any such policy was regionally localized. Plaintiffs made substantial allegations, supported by admissible evidence, that Synergies3 classified installation technicians across multiple states as independent contractors when they were, in fact, employees. The only affirmative evidence Synergies3 offers is the declaration of its Chief Financial Officer, Eric Atchley. Doc. 52-1. Mr. Atchley's two-page declaration focuses almost exclusively on the infeasibility of providing telephone numbers and email addresses for Synergies3's installation technicians. The declaration includes only one sentence relevant here: "In addition to independent contractors, in some locations, Synergies3 also has employee installation technicians." *Id.*, at ¶ 3. But evidence that Synergies3 properly classified some installation technicians as employees does not rebut Plaintiffs' claim that they—and other technicians classified as independent contractors—were, in fact, employees. More importantly, the Court will define the class to include only those installation technicians whom Synergies3 classified as

independent contractors.   This definition excludes any technicians Synergies3 properly classified as employees.

Finally, Synergies3 argues the Court should deny conditional certification because Plaintiffs have failed to offer a proposed collective action definition.   Synergies3 cites no authority to support its argument that the Court should deny Plaintiffs' motion for this reason. District courts have discretion to modify the collective action definition proposed by plaintiffs when granting conditional certification.   *Bouaphakeo v. Tyson Foods, Inc.*, 564 F. Supp. 2d 870, 900 (N.D. Iowa 2008).   Regardless, in this case, Plaintiffs propose a clear collective action definition in their operative Complaint.   Doc. 49, ¶ 33.

### 2.     Synergies3's Arguments for Narrowing of the Class

Synergies3 argues that, if the Court grants conditional certification at all, it should limit the class to only those installation technicians who worked in the same geographic locations as the declarants.   The Court declines to limit the class in this manner.   Although Synergies3 cites several cases in which courts limited conditional certification of a § 216(b) class geographically, none are from this Circuit, and most involve situations in which employers asked employees to perform uncompensated work "off the clock." *See Shabazz v. Asurion Ins. Serv.*, No. 3:07-0653, 2008 WL 1730318 (M.D. Tenn. Apr. 10, 2008) (call center employees required to work before clocking in); *Ware v. T-Mobile USA*, 828 F. Supp. 2d 948 (M.D. Tenn. 2011) (same); *Clark v. Dollar Gen. Corp.*, No. 3:00-0729, 2001 WL 878887 (M.D. Tenn. May 23, 2001) (retail store employees required to work "off the clock"); *Kimbell v. Dynamic Strategy, Inc.*, No. 3:08-1175, 2009 WL 1651431 (M.D. Tenn. June 12, 2009) (store employees not compensated for work performed during lunch breaks).

The cases Synergies3 cites do not involve allegations that workers classified as independent contractors were, in fact, employees.   Whether or not an employer asks employees

- 10 -

to perform off-the-clock work may well vary across a company's offices or locations, depending on the whims of the local supervisor or manager. *See Jost v. Commonwealth Land Title Ins. Co.*, No. 4:08CV734 CDP, 2009 WL 211943, at *4 (E.D. Mo. Jan. 27, 2009) (observing that nationwide certification was inappropriate where evidence showed that "the inappropriate behavior rested on the interpretation and implementation of regional managers"). Conversely, Synergies3 does not suggest that local managers had discretion to classify installation technicians as either an employee or independent contractor. In fact, neither Mr. Atchley nor Synergies3 offers *any* explanation for why Synergies3 classified some technicians as independent contractors but others as employees. If Synergies3 does limit its alleged practice of improperly classifying installation technicians as independent contractors to a particular geographic region, then Synergies3 will have opportunity to so prove in a motion to decertify.

### B. Notice to Class Members

In addition to requesting conditional certification, Plaintiffs' Motion also seeks court approval for the means and substance of Plaintiffs' proposed notice to putative members of the conditionally-certified class. Plaintiffs ask the Court to authorize notice by mail, and submit, as exhibits to their Motion, proposed notice and reminder mailings to putative class members. Synergies3 does not oppose notice by mail. Subject to a few points of disagreement discussed below, Synergies3 also consents to the substance of the notice and reminder mailings proposed by Plaintiffs. The parties dispute who should receive the notice, how long the notice period should last, and whether additional means of notice are necessary.

#### 1. Date Range of Collective Action Definition and Individuals to Receive Notice

First, the Parties dispute the appropriate range of individuals who should receive notice. Plaintiffs request authorization to send notice to all individuals who worked for Synergies3 as installation technicians, and whom Synergies3 classified as independent contractors, within three

years before the date they filed their Complaint.  Synergies3 argues that the appropriate cutoff date is three years before the date of conditional certification.

The FLSA requires that a civil enforcement action be commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years.[5] 29 U.S.C. § 255(a).  Neither party argues that the class—or notice to the class—should be limited at the conditional certification stage to two years, and the Court agrees that providing notice to a larger, more inclusive class at this juncture best serves the interests of judicial economy.  However, "[a]n action is commenced under the FLSA when a party files suit.  In the case of a collective action under the FLSA, the action is commenced when a party files his or her written consent to become part of the action."  *Redman v. U.S. W. Bus. Res., Inc.*, 153 F.3d 691, 695 (8th Cir. 1998).  Hence, the statute of limitations bars the claim of any putative class member who last worked for Synergies3 more than three years before the date of this Order, but who has not yet filed written consent to join this action.

To include those putative class members who have already filed their written consents, the Court defines the class as all installation technicians who worked for Synergies3 and whom Synergies3 classified as independent contractors at any time since February 4, 2016, three years before the date Plaintiffs filed their original Complaint.  *See Kumar v. Tech Mahindra (Americas) Inc.*, No. 4:16-CV-00905-JAR, 2017 WL 3168531, at *3 (E.D. Mo. July 26, 2017).  However, the Court authorizes notice only to those installation technicians who worked for Synergies3 and who Synergies3 classified as independent contractors at any time since October 29, 2016, three years before the date of this Order.  As discussed above, the statute of limitations

---

5 "[An action accruing on or after May 14, 1947] may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued".  29 U.S.C. § 255(a).

bars the claim of any individual who last worked for Synergies3 before October 29, 2016, unless they have already filed written consent to join.

### 2. Provision of Names and Mailing Addresses

Plaintiffs' Motion asks the Court to "order[] Defendant to produce a list of all independent contractor Installation Technicians who worked for Defendant" including each person's name and last known mailing address. Doc. 45. Synergies3 expressly consented to notice by mail "in the event the Court conditionally certifies a collective action." Doc. 52, pg. 9. District courts routinely order defendants to provide the names and mailing addresses of putative class members when they authorize collective-action notice by mail. *See, e.g., Schleipfer*, 2007 WL 2485007, at *4; *Cox*, 2016 WL 6962508, at *6; *Davenport*, 2014 WL 1272783, at *9. Accordingly, Synergies3 must, within ten days of the date of this Order, provide Plaintiffs' counsel with the names and mailing addresses of all individuals who worked for Synergies3 as installation technicians and whom Synergies3 classified as independent contractors at any time within three years before the date of this Order.

### 3. Length of Notice Period

The Parties disagree as to the length of the notice period. Plaintiffs request a notice period of sixty days while Synergies3 argues that the Court should limit the notice period to forty-five days. A 45-day notice period is sufficient. *See, e.g., Greenwald v. Phillips Home Furnishings, Inc.*, No. 4:08CV1128 CDP, 2009 WL 1025545 (E.D. Mo. April 15, 2009) (approving a 45–day opt-in period); *Martinez v. Cargill Meat Solutions*, 265 F.R.D. 490, 501 (D. Neb. 2009) (holding that 45 days "is sufficient time for putative plaintiffs to consider their options and, if desired, seek the assistance of outside counsel in deciding whether to join this lawsuit"); *Boyle v. Barber & Sons, Co.*, No. 03-0574-CV-W-FJG, 2004 WL 5897946, at *5–6 (W.D. Mo. May 21, 2004) (approving a 30–day opt-in period).

### 4. Notice by Posting

Finally, Plaintiffs ask that, in addition to dissemination by mail, notice be posted in offices and resupply warehouses where installation technicians working for Synergies3 pick up equipment. Plaintiffs raised this issue for the first time in their Reply. Doc. 54.[6] Notice by first-class mail is adequate here. Plaintiffs provide no evidence, or even any allegations, that installation technicians who presently work for Synergies3 (and therefore are most likely to see any posted notice) are difficult to locate or reach by way of first-class mail. *Martinez*, 265 F.R.D. at 500–01 (refusing internal posting on the ground that "[t]here is no evidence personal mailing will be an unreliable means of delivering notice").

Accordingly,

**IT IS HEREBY ORDERED** that the Court **GRANTS** Plaintiffs' motion for an order conditionally certifying a collective action under the FLSA [45].

**IT IS FURTHER ORDERED** that the Court conditionally certifies a class of

> all individuals who worked as installation technicians for Synergies3, and whom Synergies3 classified as independent contractors, at any at any time between February 4, 2016 and the date final judgment is entered in this case.

The conditionally certified class shall not include individuals who worked as installation technicians for Synergies3 but were classified as employees.

**IT IS FURTHER ORDERED** that the Court **GRANTS, in part,** and **DENIES, in part,** Plaintiffs' motion to facilitate class notice and approves the form of Plaintiffs' proposed notice as follows:

---

6 Plaintiffs did not request notice by posting in their original Motion because they instead sought alternative notice dissemination by email and text message. *See* Doc. 45-8, pg. 10-12. Synergies3 offered undisputed evidence that it does not collect email addresses and cell phone numbers for its independent contractor installation technicians. Doc. 52-1. In response, Plaintiffs have appropriately withdrawn their request for email and text message notice. Doc. 54, pg. 8. Under these circumstances, the Court excuses Plaintiffs' delay in raising the issue of notice by posting until their Reply.

a) the Court amends Plaintiffs' Notice of Collective Action Lawsuit, Doc. 45-4, to provide for an opt-in period of 45 days rather than 60 days. The opt-in period shall commence on the date that Plaintiffs' counsel mails the notice to putative class members;

b) the Court amends the notice to reflect that the notice may to be sent to any individual who works or worked for Synergies3 as an installation technician, and whom Synergies3 classified as an independent contractor, at any time on or after October 29, 2016;

c) the Court authorizes Plaintiffs' counsel, no more than 21 days after Plaintiffs' counsel receives from Synergies3 the names and mailing addresses of the individuals identified above, to mail the notice to the individuals identified above;

d) the Court approves Plaintiffs' proposed reminder postcard in a format consistent with Exhibit 4 to Plaintiffs' memorandum, Doc. 45-5, except that the Court amends the reminder postcard to provide for an opt-in period of 45 days rather than 60 days. The Court authorizes Plaintiffs' counsel to mail the reminder postcard to the individuals identified above at least 10, and no more than 21 days, before the notice deadline.

**IT IS FINALLY ORDERED** that Synergies3 must provide to Plaintiffs' counsel, within ten days of the date of this Order, and in readable electronic format, the names and mailing addresses of all individuals who worked for Synergies3 as installation technicians, and whom Synergies3 classified as independent contractors, at any time within three years before the date of this Order.

So Ordered this 29th day of October, 2019.

_____
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**