# EXHIBIT 1

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is voluntarily made and entered into this __ day of July 2021, by and between, on the one hand, Defendants Synergies3 TEC Services, LLC ("Synergies3"), Eric Atchley ("Atchley"), and Benton Odom ("Odom") (collectively, "Defendants"), and on the other hand, Named Plaintiffs Clinton Jackson, James Thomas, and Talon Overland (collectively, "Named Plaintiffs"), individually and on behalf of opt-in plaintiffs described herein.  Collectively, the Defendants and the Named Plaintiffs are the "Parties" to this Agreement.

1.   **Recitals**

On February 4, 2019, Named Plaintiffs Jackson and Thomas filed a putative collective and class action in the U.S. District Court of the Eastern District of Missouri, case styled *Jackson, et al. v. Synergies3 TEC Services, LLC*, Case No. 4:19-cv-00178-SRC, against Defendant Synergies3 ("*Jackson*" or the "*Jackson* Lawsuit"). Named Plaintiffs Jackson and Thomas filed an Amended Complaint on February 20, 2019 and a Second Amended Complaint on May 1, 2019.  Named Plaintiffs Jackson and Thomas asserted claims for allegedly unpaid overtime under the Fair Labor Standards Act ("FLSA"), the Missouri Minimum Wage Law ("MMWL"), the Illinois Minimum Wage Law ("IMWL"), and the Illinois Employee Classification Act ("IECA"). Named Plaintiffs alleged an FLSA collective, a Missouri Rule 23 class, and an Illinois Rule 23 class. Named Plaintiffs allege that Defendant Synergies3 improperly classified its technicians as independent contractors. On October 29, 2019, the Court conditionally certified the FLSA collective, certifying a collective class of "all individuals who worked as installation technicians for Synergies3, and whom Synergies3 classified as independent contractors, at any at any time between February 4, 2016 and the date final judgment is entered in this case."

On November 15, 2019, the Notices of the *Jackson* Lawsuit were disseminated to all eligible individuals.  Two hundred sixteen (216) individuals submitted timely consent forms that have not been withdrawn in addition to Named Plaintiffs Jackson and Thomas. There were several individuals who submitted their consent forms past the December 30, 2019 deadline. Named Plaintiffs Jackson and Thomas sought to include these late opt-in plaintiffs, but the Court denied their inclusion on March 31, 2020. Named Plaintiffs Jackson and Thomas moved to clarify the Court's order dismissing late opt-ins to make clear that consent forms that were postmarked on or before the deadline from 24 individuals were considered timely.  Defendant Synergies3 did not oppose the motion.  For settlement purposes, those individuals are included as Plaintiffs, as defined below.  Eight (8) individuals have withdrawn their consent forms in the *Jackson* Lawsuit; those individuals are not considered Plaintiffs herein.

On April 9, 2020, following the exclusion of late opt-ins from *Jackson*, Named Plaintiff Talon Overland filed a separate action in the Western District of Texas, San Antonio Division ("*Overland*") or (the "*Overland* Lawsuit") on April 9, 2020, case styled *Overland v. Synergies3 TEC Services, LLC, et al.*, Case No. SA-20-CA-447-FB, naming Synergies3 as the Defendant. Named Plaintiff Overland asserted claims for unpaid

overtime under the FLSA. On April 17, 2020, Named Plaintiff Overland filed an Amended Complaint, and on October 20, 2020, filed a Motion to Amend to add Defendants Atchley and Odom in their individual capacity. On November 10, 2020, the Court granted Named Plaintiff Overland's motion to amend to add both Defendants Atchley and Odom as individual defendants. While no FLSA collective has been conditionally certified, there are a total of fifty-one (51) eligible individuals who have timely submitted consent forms in the *Overland* lawsuit, in addition to Named Plaintiff Overland.

On December 8, 2021, the Parties attended a full-day mediation session with experienced mediator John Phillips, Esq. The Parties did not reach an agreement at the mediation, but continued negotiations with the assistance of Mr. Phillips following the mediation.

During the months of December 2020 and January 2021, the parties in *Jackson* filed cross-motions for summary judgment and the *Jackson* Named Plaintiffs filed a motion for final FLSA certification and Rule 23 certification of the Missouri class. While these motions were pending, the Parties continued negotiating with the assistance of Mr. Phillips and ultimately executed a Memorandum of Understanding (MOU) dated July 6, 2021, where the settlement described below was reached as a result of extensive and arm's-length negotiations between the Parties and their counsel.

Before entering into the Settlement, the Parties, by and through their respective counsel, conducted a thorough examination, investigation, and evaluation of the relevant law, facts, and allegations to assess the claims, potential remedies, and all defenses thereto, including as to both the merits and collective action certification. The Parties exchanged sufficient information, records, and data to permit the Parties and their respective counsel to evaluate the claims and potential defenses and engage in meaningful and informed settlement discussions.

Named Plaintiffs believe that the claims settled herein have merit, but they and their counsel recognize and acknowledge the uncertain outcome and risk of any litigation, in particular here where the financial condition of Defendant Synergies3 was a consideration in the negotiations. Named Plaintiffs and their counsel also believe that the settlement set forth in this Agreement confers substantial benefits to the Named Plaintiffs and Plaintiffs (as defined below). Based on their evaluation of the above, the Named Plaintiffs and their counsel have determined that the Settlement set forth herein is in their best interest and that of other Plaintiffs.

Defendants deny and continue to dispute all of the claims and contentions alleged in the Litigation and deny any and all allegations of wrongdoing, fault, liability, or damage to Plaintiffs. Defendants deny that they owe any overtime wages and deny that they have violated the FLSA or any other law, rule or regulation and maintain that they have at all times properly classified and compensated Plaintiffs. Defendants acknowledge that they received consideration and a reasonably equivalent value in exchange for the releases and other terms and conditions thereto.

Plaintiffs will be provided the opportunity to return a claim form to participate in this Settlement.

To avoid protracted litigation and the associated legal costs and expenses, the Parties desire to conclusively and finally resolve and settle all alleged unpaid overtime claims in controversy between Defendants and Plaintiffs.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, and subject to the Court's approval, the Parties agree to a full and complete settlement of the Litigation on the following terms and conditions.

2.   **Definitions**

2.1   "Plaintiffs" means all 270 Named and "opt-in" Plaintiffs who have filed consent to join forms, which have not been withdrawn, in *Jackson v. Synergies3 TEC Services, LLC*, Case No. 4:19-cv-00178-SRC and *Overland v. Synergies3 TEC Services, LLC, et al*, Case No. SA-20-CA-447-FB, and have eligible claims as of July 6, 2021.

2.2   "Plaintiffs' Counsel" shall mean Nichols Kaster, PLLP, Weinhaus & Potashnick, Liberman, Goldstein & Karsh, and Sedey Harper Westhoff, P.C.

2.3   "Defendants' Counsel" means Gray Reed & McGraw LLP and Armstrong Teasdale LLP.

2.4   "Litigation" means *Jackson v. Synergies3 TEC Services, LLC*, Case No. 4:19-cv-00178-SRC (E.D. Missouri) and *Overland v. Synergies3 TEC Services, LLC, et al.* Case No. SA-20-CA-447-FB (W.D. Tex.). The *Jackson* Lawsuit and the *Overland* Lawsuit will be consolidated in the U.S. District Court for the Eastern District of Missouri for settlement purposes only.

2.5   "Settlement Fund" means the total gross settlement amount of $500,000, inclusive of Plaintiffs' attorneys' fees and costs, and exclusive of Defendants' separate responsibility for any of Defendants' tax liability incurred as a result of the settlement payments.

2.6   "Notice Period" means 60-days after the Notice of Settlement is disseminated to Plaintiffs.

2.7   "Notice of Settlement" means the notice sent to Plaintiffs informing them of the benefits of the settlement and options to accept or reject. The Notice of Settlement is attached hereto as **Exhibit B**.

3

2.8    "Qualified Settlement Fund" or "QSF" means the interest-bearing, settlement fund account to be established and maintained by the Escrow Agent and Administrator, Analytics, LLC.

2.9    "Administrator" is Analytics, LLC.

2.10   "Settling Plaintiffs" means Plaintiffs who timely return a release form postmarked within the Notice Period.

2.11   "Rejecter Plaintiffs" means Plaintiffs who timely reject their Settlement Offer by returning a written rejection within the Notice Period.

2.12   "Non-Responder Plaintiffs" means Plaintiffs who do not return a release form and do not reject their Settlement Offer within the Notice Period.

2.13   "Settlement" means the terms of settlement memorialized in this Agreement.

2.14   "Released Parties" means Defendants and their respective predecessors and successors, current and former direct and indirect subsidiaries, parents, divisions, and affiliates, and the current and former servants, attorneys, agents, employees, owners, LLC members, shareholders, board members, directors and officers of any such entity.

2.15   "Released Claims" means all claims asserted in the Litigation, FLSA overtime claims related to the FLSA claims raised in the Litigation, and corresponding state and local overtime law claims and common law claims for recovery of unpaid overtime, including without limitation the MMWL, the IMWL, and the IECA, incurred while working in the installation technician position for Defendants from the beginning of time through July 6, 2021.

2.16   "Court" shall mean the United States District Court for the Eastern District of Missouri, District Judge Stephen R. Clark.

3.    **The Settlement.**

3.1    The Settlement includes all Plaintiffs, who are listed on **Exhibit A**.

3.2    Defendants agree to pay the Settlement Fund of $500,000, inclusive of Plaintiffs' attorneys' fees and costs. Defendants shall be separately responsible for any of Defendants' tax liability incurred as a result of the settlement payments.

4

3.3     This Agreement is contingent upon the Court dismissing without prejudice Named Plaintiffs Jackson and Thomas' motion in *Jackson* for Rule 23 class certification.

3.4     No amount of the Settlement Fund will revert to Defendants unless the Settlement becomes null and void for any permitted reason stated herein.

4.      **Allocation and Settlement Offers.**

4.1     Nichols Kaster, PLLP ("NK") will provide a reasonable allocation of settlement amounts among all Plaintiffs identified in Exhibit A, and attorneys' fees and costs to NK, to Defendants within 7 days of receiving complete pay data from Defendants.  The allocation of these amounts will be adopted by Defendants as their settlement offer ("Settlement Offer") to each Plaintiff so long as the Plaintiffs' Settlement Allocations are reasonably based upon NK's damages analysis.

4.2     The allocation shall first deduct from the Settlement Fund all costs, including costs to administer the settlement, plus up to 33 1/3% contingent fee to NK and other counsel of record for Plaintiffs, and service payments up to $5,000 for each of the three Named Plaintiffs. The allocation will also deduct $5,000 for a contingency fund to address any issues related to allocation that may arise during the Notice Period.  Any unused portions of the contingency fund will be reallocated to Settling Plaintiffs pro rata. Defendants will not object to Plaintiffs' Counsel's requested attorneys' fees and costs, and the Named Plaintiffs' service payments, when NK seeks approval of same from the Court.

5.      **Attorneys' Fees and Costs, Named Plaintiff Service Payments**.

5.1     Plaintiffs' Counsel may request Court approval for payment of up to 33 1/3% from the Settlement Fund, as payment for Plaintiffs' attorneys' fees, their reasonable litigation expenses not to exceed $25,000, and administration costs.

5.2     Plaintiffs' Counsel may request from the Court approval of Named Plaintiff service payments from the Settlement Fund of $5,000 to each of the three Named Plaintiffs.

5.3     All amounts from the Settlement Fund allocated as attorneys' fees and costs must be paid to NK and will be reported on an IRS Form 1099-MISC.

5.4     NK will be responsible for any payments due to other Plaintiffs Counsel law firms as agreed upon between Plaintiffs' Counsel, and Defendants shall have no liability to those attorneys in the event of NK's failure to pay.

5

5.5    Except for the fees, costs and other expenses set forth in this Section, the Parties shall bear responsibility for their own fees, costs and expenses incurred by them or arising out of the Litigation and will not seek reimbursement thereof from any Party to this Agreement or the Released Parties.

5.6    If the Court does not approve any portion of the attorneys' fees and litigation costs or service payments outlined in this Section, the difference between the requested attorneys' fees and litigation costs or service payments and what is actually awarded by the Court will be reallocated to the Settling Plaintiffs on a pro rata basis.

6.    **Communication of Settlement Offers**.

6.1    NK, either in-house or through the Administrator, will send a Notice of Settlement to each Plaintiff within fourteen (14) days of Court's approval of the Settlement.

6.2    Mailing of each Notice of Settlement will be based on address information maintained by Plaintiffs' Counsel.   The Administrator will conduct skip tracing or any other comparable means of locating alternative addresses for returned notices.  This section in no way prohibits Plaintiffs' Counsel from contacting Plaintiffs regarding the Settlement.

6.3    Each Notice of Settlement will include the Plaintiff's individual Settlement Offer and a release form.  Plaintiffs must return a release form or to reject their individual settlement offer by providing a written rejection within the Notice Period.

6.4    Settling Plaintiffs returning a release postmarked within the Notice Period will be included in the Settlement.

6.5    Rejecter Plaintiffs who reject their settlement offer will forever forfeit their consent-based tolling if they do not re-file their claim within 30 days after their claims are dismissed without prejudice by the Court.

6.6    Non-Responder Plaintiffs who do not return a release form and do not reject the Settlement will forever forfeit their consent-based tolling if they do not re-file their claim within 30 days after their claims are dismissed without prejudice by the Court.

6.7    The amounts allocated to Rejecters or Non-Responders, if any, will be reallocated pro rata to Settling Plaintiffs.

6.8    Non-Responders may come forward and claim their pro rata portion of the Settlement Fund (i.e., their Settlement Offer) up to the date any unclaimed funds are reallocated to Settling Plaintiffs.

6.9    Defendants will have the right, but not the obligation, to nullify the Settlement and this Agreement in the event Rejecters comprise ten percent (10%) or more of Plaintiffs. Should Defendants exercise the option to nullify the Settlement for this reason, the Settlement shall be null and void.

7.    **Disbursement of Each Settling Plaintiff's Settlement Offer.**

    7.1    The Administrator will coordinate the payment of the checks from the Settlement Fund.  One settlement check will be issued to each Settling Plaintiff.  Half (50%) of the settlement payment due to the Settling Plaintiff from the Settlement Fund will be reported as nonemployee compensation for tax purposes with each Settling Plaintiff receiving an IRS Form 1099-NEC as "Non-Employee Compensation."  The second half (50%) of the settlement payment due to the Settling Plaintiff from the Settlement Fund shall constitute payment for liquidated damages, penalties and interest, and will be reported on an IRS Form 1099-MISC, Box 3, "Other Income."

    7.2    The Administrator must disseminate the settlement checks to Settling Plaintiffs within either (1) 14 days of the close of the Notice Period, or (2) 14 days after the case is dismissed, whichever is later.

    7.3    Settlement checks must be cashed within ninety (90) days of issuance by the Administrator.  Any uncashed checks after 90 days will be donated to a mutually agreed upon *Cy Pres* beneficiary.

    7.4    The Administrator must submit a report to NK indicating any Settling Plaintiffs who have not yet negotiated their Settlement check 30-days before the expiration of the checks.

8.    **Scope, Effect and Distribution of the Release.**

    8.1    Settling Plaintiffs will release the Released Claims against any and all of the Released Parties.

    8.2    These Released Claims shall be dismissed with prejudice and Settling Plaintiffs' releases considered effective upon approval of the Settlement by the Court.

    8.3    Defendants acknowledge that they received consideration and a reasonably equivalent value in exchange for the releases and other terms and conditions thereto.

9.    **Cy Pres.**

    9.1    If there is a residual amount of the Settlement Fund remaining after final distribution, such as from uncashed funds, any residual funds from the Settlement Fund will be donated to a mutually agreeable *Cy Pres* beneficiary.

10.   **Escrow Account; QSF.**

    10.1    Defendants have placed the entire Settlement Fund of $500,000.00 into an Escrow Account with the Administrator for the benefit of the

Plaintiffs. NK has executed a separate Escrow Agreement with the Administrator.

10.2 Once the Settlement is approved by the Court, the Administrator will establish a Qualified Settlement Fund within three days of the Court's order and will transfer the Settlement Fund held in Escrow to the QSF, with the funds to be held for the benefit of the Plaintiffs.

10.3 If a portion or all of the Settlement Fund is withdrawn from the Escrow Account or the QSF, and used for any other purpose than for the Settlement as set forth under this Agreement, then Named Plaintiffs have the right, but not the obligation, to nullify this Agreement and the Settlement.

10.4 All costs associated with the Escrow Account and/or QSF will be paid from the Settlement Fund.

11.    **Consent Judgment/Confession of Judgment**.

11.1 If Defendants fail to make payment of the Settlement Fund consistent with this Agreement, or otherwise fail to pay Settling Plaintiffs their Settlement Offers, NK will provide written notice to Defendants' Counsel.  Defendants shall have 7 days from the date of the written notice to cure any deficiency.  To the extent the deficiency is not timely cured, Defendants Atchley and Odom, jointly and severally, agree to and will confess judgment in the amount of the full unpaid amount of $500,000, less any amount of the Settlement Fund that was paid by Defendants, which shall become immediately due and payable.

11.2 The Confession of Judgment was executed in connection with this Agreement, but will not be filed with any Court unless in the event of a default as described herein.

12.    **Financial Condition of the Company**:

12.1 Defendants must provide a declaration attesting to and confirming the current financial hardships faced by Synergies3 TEC Services, LLC, and inability to pay a substantially larger settlement amount for Plaintiffs' overtime claims.

13.    **Individual Liability**.

13.1 Defendants Atchley and Odom shall be jointly and severally liable as individuals for the total Settlement Fund and all of Defendants' obligations under this Agreement.

14.    **Authority**.

8

14.1   Defendants Atchley and Odom have full authority to execute this Agreement on behalf of Defendant Synergies3 TEC Services, LLC.

15.   **Bankruptcy.**

15.1   In the event that one or more of the Defendants files a bankruptcy petition within ninety-one (91) days of the date on which Defendants pay the amounts constituting the Settlement Fund and the Settlement Fund is avoided or otherwise set aside as a result, then Settling Plaintiffs' releases as set forth herein are terminated and of no further force or effect and Settling Plaintiffs may file proofs of claim with the bankruptcy court for the full alleged value of their claims and shall not be limited to the Settlement Fund amount in this Agreement.

16.   **Judicial Approval**.

16.1   This Agreement and the contemplated Settlement is contingent upon judicial approval by the Court in which the Litigation is pending after consolidation for settlement purposes.  In the event the Court rejects the proposed Settlement, the parties shall cooperate in good faith to attempt to modify the terms to obtain judicial approval. In the event judicial approval cannot be obtained, the Settlement shall be deemed null and void. However, the Settlement shall not be deemed null and void in the event the Court simply declines to review and approve the Settlement.

17.   **Reasonable Compromise of Bona Fide Dispute**.

17.1   The Parties agree that the terms of this Settlement and this Agreement represent a reasonable compromise of disputed claims and issues, arising from a bona fide dispute over the merits of Plaintiffs' claims and Defendants' defenses, and agree to represent the same to the Court. The Parties further agree that the Settlement is a fair, reasonable and adequate resolution of Plaintiffs' claims.

17.2   All of the Parties acknowledge that they have been represented by competent, experienced counsel throughout all negotiations preceding the execution of this Agreement, and this Agreement is made with the consent and advice of counsel who have jointly prepared this Agreement.

18.   **Mutual Full Cooperation**.

18.1   Counsel for the Parties agree to and shall use their best efforts to fully cooperate with each other to take all actions reasonably necessary to implement the terms of this Agreement, and neither

Party shall take any action to oppose implementation of this Agreement or any of its terms.

19. **Construction.**

19.1    The Parties agree that the terms and conditions of this Agreement are the result of lengthy and intensive arms'-length negotiations between the Parties and that this Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his, her, or its counsel participated in the drafting of this Agreement. The Parties request that before declaring any provision of this Agreement invalid, the Court shall first attempt to construe all provisions valid to the fullest extent possible consistent with applicable precedents and the intent expressed in this Agreement.

20. **Captions and Interpretations.**

20.1    Section titles or captions contained in this Agreement are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any of its provisions.

21. **Modification.**

21.1    This Agreement, including the attached Exhibits, may not be changed, altered, or modified, except in writing and signed by the Parties. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties and approved by the Courts.

22. **Integration Clause.**

22.1    This Agreement, including the attached Exhibits, contains the entire agreement between the Parties relating to the Settlement of the Litigation, and this Agreement supersedes all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel.

23. **Counterparts and Facsimile Signatures.**

23.1    This Agreement may be executed in counterparts, and when counsel have signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement.

10

This Agreement may be executed by facsimile signatures or electronically, which shall be deemed to be originals.

24. **Retention of Jurisdiction.**

24.1   The Parties intend to request that the Court retain jurisdiction with respect to the implementation and enforcement of the terms of the Agreement, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the terms of this Agreement.

25. **Miscellaneous.**

25.1   This Agreement shall be binding upon, and inure to the benefit of, the successors of each of the Parties.

25.2   The descriptive headings of any paragraph or sections of this Agreement are inserted for convenience or reference only and do not constitute a part of this Agreement.

25.3   Settling Plaintiffs will be required to represent, covenant, and warrant that they have not knowingly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein, as part of the Notice of Settlement, Exhibit B.

25.4   All terms and conditions of this Agreement and its Exhibits will be governed by and interpreted according to the laws of the State of Missouri, without giving effect to any conflict of law principles or choice of law principles.

*[Signatures on Next Page.]*

11

_____          _____ 8-4-21
Reena I. Desai              Date            Synergies3 TEC Services, LLC      Date
Nichols Kaster, PLLP                        Defendant
Attorney for Named Plaintiffs and the       Name: _Eric Atchley,_
Settlement Class Members                    Title: _CIO_


_____          _____ 8-4-21
Clinton Jackson             Date            Eric Atchley                     Date
Named Plaintiff                             Defendant


_____          _____
James Thomas                Date            Benton Odom                      Date
Named Plaintiff                             Defendant


_____          _____
Talon Overland              Date            Jay Aldis                        Date
Named Plaintiff                             Counsel for Defendants


12

| | |
|---|---|
| Reena I. Desai                    Date<br>Nichols Kaster, PLLP<br>Attorney for Named Plaintiffs and the<br>Settlement Class Members | Synergies3 TEC Services, LLC        Date<br>Defendant<br>Name: _____<br>Title: _____ |
| Clinton Jackson                   Date<br>Named Plaintiff | Eric Atchley                       Date<br>Defendant |
| James Thomas                      Date<br>Named Plaintiff | Benton Odom                        Date<br>Defendant |
| Talon Overland                    Date<br>Named Plaintiff | Jay Aldis                          Date<br>Counsel for Defendants |

8-3-21

12

_____
Reena I. Desai                    Date
Nichols Kaster, PLLP
Attorney for Named Plaintiffs and the
Settlement Class Members

_____
Clinton Jackson                   Date
Named Plaintiff

_____
James Thomas                      Date
Named Plaintiff

_____
Talon Overland                    Date
Named Plaintiff

_____
Synergies3 TEC Services, LLC       Date
Defendant
Name: _____
Title: _____

_____
Eric Atchley                      Date
Defendant

_____
Benton Odom                       Date
Defendant

_____
Jay Aldis                         Date
Counsel for Defendants

August 5, 2021

12

_(signature)_      08/06/2021
_____
Reena I. Desai      Date
Nichols Kaster, PLLP
Attorney for Named Plaintiffs and the
Settlement Class Members

_____
Synergies3 TEC Services, LLC    Date
Defendant
Name: _____
Title:  _____


_____
Clinton Jackson      Date
Named Plaintiff

_____
Eric Atchley      Date
Defendant


_____
James Thomas      Date
Named Plaintiff

_____
Benton Odom      Date
Defendant


_____
Talon Overland      Date
Named Plaintiff

_____
Jay Aldis      Date
Counsel for Defendants

12

_____          _____
Reena I. Desai                 Date        Synergies3 TEC Services, LLC    Date
Nichols Kaster, PLLP                       Defendant
Attorney for Named Plaintiffs and the      Name: _____
Settlement Class Members                   Title:  _____


_____   08/06/2021
Clinton Jackson                Date        _____
Named Plaintiff                            Eric Atchley                    Date
                                           Defendant


_____          _____
James Thomas                   Date        Benton Odom                     Date
Named Plaintiff                            Defendant


                                           _____
_____          Jay Aldis                        Date
Talon Overland                 Date        Counsel for Defendants
Named Plaintiff

12

_____         _____
Reena I. Desai                Date             Synergies3 TEC Services, LLC     Date
Nichols Kaster, PLLP                           Defendant
Attorney for Named Plaintiffs and the          Name: _____
Settlement Class Members                    Title:  _____

_____         _____
Clinton Jackson            Date             Eric Atchley                     Date
Named Plaintiff                         Defendant

_____  08/05/2021   _____
James Thomas             Date             Benton Odom                   Date
Named Plaintiff                         Defendant

                                             _____
_____        Jay Aldis                          Date
Talon Overland            Date             Counsel for Defendants
Named Plaintiff

_____       _____
Reena I. Desai                Date        Synergies3 TEC Services, LLC      Date
Nichols Kaster, PLLP                      Defendant
Attorney for Named Plaintiffs and the     Name: _____
Settlement Class Members                  Title:  _____


_____       _____
Clinton Jackson               Date        Eric Atchley                    Date
Named Plaintiff                           Defendant


_____       _____
James Thomas                  Date        Benton Odom                     Date
Named Plaintiff                           Defendant


_____       _____
Talon Overland                Date        Jay Aldis                       Date
Named Plaintiff                           Counsel for Defendants

08/05/2021

12

# EXHIBIT A

| Jackson et al. v. Synergies3 TEC Services | | |
|---|---|---|
| Last Name | First Name | Filed Consent |
| Ananda | Jesse | 1/6/2020 |
| Anderson | Larry | 12/31/2019 |
| Ardrey | David | 12/30/2019 |
| Ayre | Andrew | 12/9/2019 |
| Barley | Justin | 12/17/2019 |
| Barrio | Charles | 12/23/2019 |
| Bates | Devin | 12/18/2019 |
| Bauza | Leo Paul | 12/30/2019 |
| Bell | Christopher | 12/2/2019 |
| Benevente | Jorge | 1/2/2020 |
| Benford | Dewayne | 11/25/2019 |
| Bennett | Ron | 12/31/2019 |
| Bernard | Berton | 12/23/2019 |
| Berry | Ryan | 12/31/2019 |
| Bertucci | Dylan | 12/18/2019 |
| Bianchi | Stephen | 12/31/2019 |
| Blatnick | Jeremy | 12/9/2019 |
| Block | Mikal | 11/25/2019 |
| BOOTS | JEREMY | 3/27/2019 |
| Bordelon | Joshua | 11/20/2019 |
| Bradley | Clinton | 12/11/2019 |
| Brandon | Billy | 11/26/2019 |
| Brock | Jason | 12/2/2019 |
| Broughton | Christopher | 12/16/2019 |
| Brown | James | 3/27/2019 |
| Brown | James | 12/12/2019 |
| Brown | James | 12/23/2019 |
| Bruns | Jeffrey | 4/3/2019 |
| Buhring | Clint | 11/19/2019 |
| Carey | Sean | 12/23/2019 |
| Chacon | Jonathan | 12/23/2019 |
| Charlton | Devan | 12/31/2019 |
| Chavez | Juan | 12/30/2019 |
| Chuica | Marco | 12/10/2019 |
| Collins | Joel | 3/26/2019 |
| Cornicelli | Jason | 12/9/2019 |
| Cousin | Jerico | 12/3/2019 |
| Cox | Ryan | 2/21/2019 |
| Craig | Colton | 12/3/2019 |
| Crump | Keiton | 12/23/2019 |
| Davis | Joshua | 12/31/2019 |
| Davis | Zach | 12/2/2019 |
| Dehart | Thomas | 12/23/2019 |

| | | |
|---|---|---|
| Diaz | Ulises | 12/4/2019 |
| Dow | Eugene | 11/25/2019 |
| Downs | Thomas | 11/25/2019 |
| Downs | Michael | 11/25/2019 |
| Duerden | Scott | 12/2/2019 |
| Dunevant | Derek | 12/31/2019 |
| Duong | Andrew | 12/27/2019 |
| Elmore | Christian | 12/5/2019 |
| Escobar | Juan | 12/5/2019 |
| Evans | Brian | 12/30/2019 |
| Evans | Charlie | 12/30/2019 |
| Ezell | Tyrone | 12/13/2019 |
| Flowers | Jamaal | 12/27/2019 |
| Forbis | John | 12/31/2019 |
| Foster | Rex | 12/3/2019 |
| Frye | Dylan | 11/25/2019 |
| Gaines | Johnny | 12/27/2019 |
| Gonzalez (Garza) | Porfirio | 12/11/2019 |
| Hagan | Ryan | 12/26/2019 |
| Hager | Leland | 12/26/2019 |
| Haley III | Lewis | 11/21/2019 |
| Hall | Ricky | 5/2/2019 |
| Harrington | Nicholas | 11/25/2019 |
| Harrison | James | 3/15/2019 |
| Harrison | Christopher | 11/26/2019 |
| Harting | Marshal | 11/26/2019 |
| Hayes | Brian | 11/25/2019 |
| Hearns Lll | Leonard Allen | 12/2/2019 |
| Hebron | Robert | 12/16/2019 |
| Helmich | Jonny | 4/23/2019 |
| Herline | Richard | 12/27/2019 |
| Hernandez | Jose | 12/4/2019 |
| Herrera | Rafael | 11/25/2019 |
| Herrington | Walter | 12/16/2019 |
| Hieatt | William | 12/3/2019 |
| Hinkelman | Steven | 12/23/2019 |
| Hope | Terry | 12/31/2019 |
| Hostetter | Ryan | 12/4/2019 |
| Hudgens | Eric | 11/26/2019 |
| Huskic | Benjamin | 12/3/2019 |
| Ibarra | Fabian | 12/31/2019 |
| Irvin | Ashley | 12/26/2019 |
| Jackson | Clinton | 2/4/2019 |
| Jackson | Melvin | 4/3/2019 |
| Jackson | Royce | 7/10/2019 |

| | | |
|---|---|---|
| James | Jason | 5/9/2019 |
| Jessie | William | 11/26/2019 |
| Johnson | Tim | 4/18/2019 |
| Johnson | John | 12/4/2019 |
| Jolley | Derek | 12/26/2019 |
| Jones | Joseph | 12/30/2019 |
| Kayler | Brian | 11/21/2019 |
| Kayler | Brian ( Seth) | 12/27/2019 |
| Kennedy | Jeremy | 12/26/2019 |
| Kerwin | Joseph | 3/29/2019 |
| Khalil | Haval | 11/27/2019 |
| Khan | Ahmed | 12/19/2019 |
| Kizzia | Austin | 12/10/2019 |
| Klingelhut | Greg | 1/3/2020 |
| Knapp | John | 11/27/2019 |
| Kysar | Zachariah | 11/19/2019 |
| Langley | Dylan | 12/23/2019 |
| Larry | Lindsey | 12/26/2019 |
| Lauminick | Alex | 12/26/2019 |
| Lavignette | Jeremy | 11/20/2019 |
| Lewis | Marjeau | 11/26/2019 |
| Lopez | Fernando | 12/10/2019 |
| Lowen | Cody | 12/10/2019 |
| Martens | Dylan | 3/5/2019 |
| Martinez | Gabriel | 12/27/2019 |
| Martinez | Stephen | 12/26/2019 |
| Martinn | David | 12/17/2019 |
| Mauer | Nicholas | 3/13/2019 |
| McClure | Steve | 7/9/2019 |
| Mccluskey | Michael | 12/3/2019 |
| Mccollum | David | 11/25/2019 |
| McCuller | Jonathan | 4/23/2019 |
| Mcelroy | Michael | 12/31/2019 |
| McEntire | Jeremy | 12/30/2019 |
| McGlasson | Ryan | 12/30/2019 |
| Mcknight | Anthony | 12/13/2019 |
| McManama | Micah | 12/27/2019 |
| Mcnew | Chad | 1/2/2020 |
| Miles | Collin | 3/25/2019 |
| Moore | Reanna | 12/13/2019 |
| Mustedanagic | Nihad | 12/23/2019 |
| Neering | Nick | 12/17/2019 |
| Nguyen | Tran | 12/2/2019 |
| Olivo | Robert | 12/11/2019 |
| Olson | Bryce | 12/27/2019 |

| | | |
|---|---|---|
| Owens | Joshua | 3/19/2019 |
| Padilla | David | 12/5/2019 |
| Paine | Kurtis | 2/18/2019 |
| Payne | Carlton | 11/26/2019 |
| Perez | Severiano | 12/27/2019 |
| Phillips | Carlton | 10/29/2019 |
| Philpot | Jeremy | 12/30/2019 |
| Plemmons | Damion | 12/4/2019 |
| Poor | Christopher | 12/16/2019 |
| Price | Derek | 11/21/2019 |
| Pritchard | John | 12/3/2019 |
| Ramirez | Christopher | 12/5/2019 |
| Randall | Patrick | 12/3/2019 |
| RANDLE | ANTHONY | 12/16/2019 |
| Randoll | John | 4/1/2019 |
| Reece | James | 11/26/2019 |
| Reyes | Carlos | 12/4/2019 |
| Riggs | Savon | 1/3/2020 |
| Riley | Merlin | 11/21/2019 |
| Riviera | Alfonso | 3/26/2019 |
| Roberts | ChiQuan | 7/15/2019 |
| Roberts | Troy | 12/9/2019 |
| Rodriguez | Lester | 12/26/2019 |
| Rogers | Benedict | 12/16/2019 |
| Rounds | Andreas | 12/30/2019 |
| Rowekamp | Andrew | 12/30/2019 |
| Salgado | Mario | 12/31/2019 |
| Sams | Tj | 12/31/2019 |
| San Angelo | Michael | 12/23/2019 |
| Sanders | Cory | 11/25/2019 |
| Sandlian | Clinton | 12/27/2019 |
| Seehase | Cameron | 12/30/2019 |
| Shatsar | Timothy | 11/27/2019 |
| Shaw | Melvin | 12/11/2019 |
| Shelton II | Bruce | 11/25/2019 |
| Shockey | Jason | 12/23/2019 |
| Sistrunk | Otis | 2/4/2019 |
| Sluder | Robin | 12/2/2019 |
| Smith | Jonathan | 11/27/2019 |
| Smith | Joshua | 12/31/2019 |
| Smith | Ronnie | 12/26/2019 |
| Smith Jr | Nathaniel | 11/25/2019 |
| Smith Jr. | Paul | 11/21/2019 |
| Stampley | Fred | 12/30/2019 |
| Stancell | Brandon | 7/15/2019 |

| | | |
|---|---|---|
| Stevens | Craig | 2/26/2019 |
| Storms | Joshua | 1/2/2020 |
| Sutton | John | 7/15/2019 |
| Terry | William | 7/16/2019 |
| Terry | David | 12/2/2019 |
| THACHER | JESSE | 12/27/2019 |
| Thigpen | Mark | 3/26/2019 |
| Thomas | James | 2/4/2019 |
| Thomas | Joshua | 12/30/2019 |
| Timms | Aaron | 12/9/2019 |
| Tran | Johnny | 12/2/2019 |
| Tran | Tam | 12/9/2019 |
| Tucker III | Robert | 12/30/2019 |
| Tynan Jr | Darren | 12/31/2019 |
| Vazquez | Jacinto | 11/25/2019 |
| Vincent | Dustin | 12/26/2019 |
| Virtue | Joshua | 11/21/2019 |
| Vogel | Justin | 2/18/2019 |
| Wallace | Justin | 4/11/2019 |
| Warren | Tim | 12/4/2019 |
| Wells | Elijah | 1/2/2020 |
| Wells | Jody | 12/30/2019 |
| White | James | 9/18/2019 |
| Whitman | Carl | 11/20/2019 |
| Wicker | Jerry | 12/27/2019 |
| Wilburn | Marshall | 12/27/2019 |
| Wilhite | Lane | 12/31/2019 |
| Williams | Jamie | 12/13/2019 |
| Williams | Theodis | 12/2/2019 |
| WILLIAMS II | DOUGLAS | 11/20/2019 |
| Wilson | Brian | 3/29/2019 |
| Wilson | Benjamin | 4/4/2019 |
| Wofford | Otha | 11/25/2019 |
| Woods | Andrew | 12/31/2019 |
| Wylie | Christopher | 12/3/2019 |
| Xiong | Paul | 7/15/2019 |
| Yarbrough | William | 11/27/2019 |
| Younger | Christopher | 12/2/2019 |
| Zollinger | Charles | 12/19/2019 |
| Zuniga | Willy | 2/27/2019 |

| Overland v. Synergies3 TEC Services, LLC, et al. | | |
|---|---|---|
| Last Name | First Name | Filed Consent |
| Barrett | Eugene | 4/9/2020 |
| Batulis | Thomas | 4/9/2020 |
| Cardona | Nicholas | 4/9/2020 |
| Click | Nick | 4/9/2020 |
| Correll | Shannon | 4/9/2020 |
| Davis | Terrence | 4/9/2020 |
| Dawson | Charles | 4/9/2020 |
| Evans | Bradley | 4/9/2020 |
| Everly | Jason | 4/9/2020 |
| Ewers | Chris | 7/10/2020 |
| Ewing | James | 4/9/2020 |
| Faulkner | Bradley | 4/9/2020 |
| Gallegos | Daniel | 4/9/2020 |
| Garza Jr | Albert | 4/9/2020 |
| Guerico | Brett | 4/9/2020 |
| Gutierrez | Jeff | 4/9/2020 |
| Hamilton | John | 4/29/2021 |
| Harris | Joseph | 4/9/2020 |
| Haynes | Jordan | 4/22/2020 |
| Herskovits | Theodore | 4/9/2020 |
| Holmes | Lucas | 4/9/2020 |
| Houston | Eric | 4/9/2020 |
| Hurayt | John | 4/9/2020 |
| Israel | Richard | 4/9/2020 |
| Johnson | Michael | 4/9/2020 |
| Jones | Paul | 4/20/2020 |
| LAMBRIGHT | LEONARD | 4/9/2020 |
| Lanzarone | Johny | 4/9/2020 |
| Lopez | George | 4/9/2020 |
| Merryman | Hunter | 4/9/2020 |
| Moyers | Brandon | 4/9/2020 |
| Mueller | Micah | 6/11/2020 |
| MURPHY | DANIEL | 4/17/2020 |
| Norelius | Brendon | 9/1/2020 |
| Nye III | James | 4/9/2020 |
| Olson | Daniel | 4/9/2020 |
| Overland | Talon | 4/9/2020 |
| Pena | Jaime | 4/9/2020 |
| Rodriguez | Erik | 4/9/2020 |
| Sollars | Thomas | 11/11/2020 |
| Tarver | Justin | 4/9/2020 |
| Thomad | Bobby | 11/13/2020 |
| Tripplett | Marcus | 5/4/2020 |
| Tucker | Sean | 11/17/2020 |
| Walker | Kyron | 4/9/2020 |

| | | |
|---|---|---|
| Walker | Richard | 3/9/2021 |
| Wardley | Craigory | 4/9/2020 |
| Williams | Shawn | 4/9/2020 |
| Workman | Timothy | 7/9/2020 |
| Wright | Dylan | 4/9/2020 |
| Wylie | Neyo | 7/9/2020 |
| Yacob | Hossam | 12/1/2020 |

# EXHIBIT B

## NOTICE OF SETTLEMENT OFFER FOR [INSERT NAME]

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU JOINED ONE OF THE FOLLOWING LAWSUITS:**

**JACKSON V. SYNERGIES3 TEC SERVICES, LLC,
CASE NO. 4:19-cv-00178-SRC
EASTERN DISTRICT OF MISSOURI**

**OR**

**OVERLAND V. SYNERGIES3 TEC SERVICES, LLC, ET. AL.,
CASE NO. SA-20-CA-447-FB
WESTERN DISTRICT OF TEXAS**

**TO OBTAIN YOUR SETTLEMENT OFFER OF $XXXX[1]
YOU MUST COMPLETE THE ENCLOSED RELEASE FORM AND POSTMARK IT BY
[60 Days After Notice is Disseminated].**

**PLEASE READ THIS NOTICE CAREFULLY
YOUR LEGAL RIGHTS WILL BE AFFECTED**

***You are not being sued.***

      You are receiving this notice because you are a Plaintiff or opt-in Plaintiff in the lawsuit entitled either *Jackson v. Synergies3 TEC Services, LLC*, Case No. 4:19-cv-00178-SRC (E.D. Missouri) or *Overland v. Synergies3 TEC Services, LLC*, et al, Case No. SA-20-CA-447-FB (W.D. Tex.) (collectively, the "Lawsuits"). The parties reached an agreement to settle these Lawsuits. The *Overland* lawsuit was transferred to the same court as the *Jackson* lawsuit.  U.S. District Judge Stephen R. Clark of the U.S. District Court for the Eastern District of Missouri is currently presiding over both cases for settlement approval purposes and approved the settlement on [enter date].  **This Notice provides you with information about the settlement and instructions for recovering your share.**

---

[1] THIS AMOUNT IS YOUR PROPOSED SHARE OF THE SETTLEMENT, AFTER ATTORNEYS' FEES AND OUT-OF-POCKET LITIGATION COSTS, SETTLEMENT ADMINISTRATION COSTS, CLASS REPRESENTATIVE SERVICE AWARDS, AND A CONTINGENCY FUND HAVE BEEN DEDUCTED FROM THE TOTAL GROSS AMOUNT OF THE SETTLEMENT FUND.

## I.   BRIEF DESCRIPTION OF THE LAWSUITS

Named Plaintiffs Clinton Jackson and James Thomas, individually and on behalf of all other similarly situated, filed a lawsuit against Synergies3 TEC Services, LLC ("Synergies3"), in the Eastern District of Missouri on February 4, 2019 asserting claims for unpaid overtime under the Fair Labor Standards Act ("FLSA") and other similar state laws. On April 9, 2020 Named Plaintiff Talon Overland (collectively with Plaintiffs Jackson and Thomas, the "Named Plaintiffs"), individually and on behalf of others similarly situated, filed a separate action against Synergies3 and its owners, Eric Atchley and Benton Odom, in the Western District of Texas asserting similar claims for unpaid overtime under the FLSA. In both actions, Named Plaintiffs alleged that they and others similarly situated to them who performed installation work for Synergies3 TEC Services, LLC, were misclassified as 1099 contractors, rather than employees, and not paid overtime in violation of the FLSA and other state laws.  Defendants Synergies3 TEC Services, LLC and its co-owners Eric Atchley and Benton Odom (collectively, "Defendants"), deny Named Plaintiffs' allegations and deny that they violated the FLSA or any other law.

Individuals receiving this Notice are the Named Plaintiffs and others who, like you, filed a consent form to join either of the Lawsuits as an "opt-in plaintiff."  Including the Named Plaintiffs, there are a total of __ individuals eligible to participate in the settlement.

## II.   SETTLEMENT DETAILS AND YOUR CONFIDENTIAL INDIVIDUAL SETTLEMENT OFFER

### A.   Details of the Settlement

After exchanging documents and electronic payroll data, and taking a number of depositions, Defendants and the Named Plaintiffs in *Jackson* and *Overland*, individually and on behalf of the collective (collectively, "Plaintiffs") have reached a settlement agreement. The parties, through their counsel, engaged in arms-length, extensive and comprehensive negotiations to settle the lawsuits, with the assistance of a third-party experienced mediator.  The parties fully executed a comprehensive settlement agreement on [DATE]. For purposes of settlement, the parties agreed to transfer the *Overland* matter to the Eastern District of Missouri, which will have exclusive jurisdiction for purposes of reviewing, approving, and enforcing the terms of the settlement described in the Notice of Settlement.  Judge Clark has reviewed and approved the settlement and determined that it is fair and reasonable.

Defendants have agreed to pay $500,000 to resolve the claims against them. After a deduction of 33.33% in attorneys' fees, approximately $XXXX in out-of-pocket costs, $5,000 service payments to each of the three Named Plaintiffs for serving as a named plaintiff and for their important contributions to the case, as well as $5,000 reserved for a contingency fund, the individual settlement amounts were allocated using a formula as set forth below.

### B.   Individual Settlement Amount

Plaintiffs' Counsel believes the specific offer made to you in the settlement is a fair and reasonable settlement offer in light of the risks of continuing litigation, including proving liability

and damages, and considering the financial situation of Synergies3.  Your individual settlement offer is based on a formula that took into consideration a number of factors specific to you, including when and for how long you worked as an installation technician with Synergies3 compared to other Plaintiffs and the pay data produced by Defendants.

<b><u>Your pre-tax settlement offer is [ENTER AMOUNT].</u></b>

<b><u>Please note your allocated settlement amount already considers attorneys' fees and costs</u>. <u>No additional deductions will be made for attorneys' fees and costs.</u></b>

If you accept your settlement offer, the Settlement Administrator will issue you a settlement check within 14 days after the lawsuits are dismissed by the Court.  Half (50%) of the settlement payment will be reported on an IRS Form 1099-NEC as nonemployee compensation for tax purposes and the second half (50%) of the settlement payment will be reported on an IRS Form 1099-MISC as "other income." Payroll taxes will not be withheld from the settlement check.  If you accept your settlement amount, you shall be solely responsible for the payment of any local, state, or federal taxes resulting from or attributable to the payments received under the settlement.  You should consult a tax preparer if you have any tax-related questions.

You will have 90 days after issuance to cash your settlement check.

### III.    TO ACCEPT YOUR SETTLEMENT OFFER

To accept your settlement offer and receive your settlement payment, the enclosed Release Form must be signed and postmarked by **[60 Days After Notice Disseminated].** You may accept your settlement offer by signing an electronic Release Form, available at [enter website.] You may also mail your Release Form in the postage-paid envelope provided with this Notice, or you may fax it, or scan and email it to the Settlement Administrator at the contact information below:

> **Analytics Consulting, LLC**
> **Synergies3 FLSA Litigation**
> **P.O. Box [enter]**
> **Chanhassen, MN 55317-[enter]**
> **Phone:**
> **Fax**
> **Email:**

### IV.    TO REQUEST EXCLUSION FROM THE SETTLEMENT

If you do not want to receive a payment from this settlement, and you want to retain your right to assert individual claims against Defendants, then you must take affirmative steps to exclude yourself.   To be excluded from the settlement, you must notify the Settlement Administrator (Analytics Consulting, LLC) in writing, by e-mail or letter – called a "Request for Exclusion" at the address above or to [email address].   The letter or email must be postmarked/sent on or before **[DATE]**. The Request for Exclusion must include your name and

address and must clearly state that you are requesting to be excluded from the Parties' settlement in these lawsuits.

**If you choose to exclude yourself from the settlement, you will NOT have a right to receive any money from the settlement of this lawsuit,** but your claims will be dismissed by the Court without prejudice and your statute of limitations will be tolled for 30 days from the date of dismissal of the lawsuits to re-file your claims.  If you fail to re-file any claims during this 30-day period, you will forfeit your consent-based tolling and could be barred from bringing these claims against Defendants in the future due to the passage of time.

## V.    IF YOU DO NOTHING

**If you do nothing in response to this Notice, you will NOT have a right to receive any money from the settlement of this lawsuit,** but your claims will be dismissed by the Court without prejudice and your statute of limitations will be tolled for 30 days from the date of dismissal of the lawsuits to re-file your claims.  If you fail to re-file any claims during this 30-day period, you will forfeit your consent-based tolling and could be barred from bringing these claims against Defendants in the future due to the passage of time.

## VI.    SCOPE OF RELEASE

By accepting this settlement, you will release all claims asserted in the Lawsuits, FLSA overtime claims related to the FLSA claims raised in the Lawsuits, and corresponding state and local overtime law claims and common law claims for recovery of unpaid overtime, including without limitation the Missouri Minimum Wage Law, the Illinois Minimum Wage Law, and the Illinois Employee Classification Act, incurred while working in the installation technician position for Defendants from the beginning of time through July 6, 2021. You will release from liability Defendants and their respective predecessors and successors, current and former direct and indirect subsidiaries, parents, divisions, and affiliates, and the current and former servants, attorneys, agents, employees, owners, LLC members, shareholders, board members, directors and officers of any such entity. Please refer to the attached Release Form for the full release language.

## VII.    NO RETALIATION PERMITTED

The law prohibits retaliation against employees for exercising their rights under the FLSA. Therefore, Defendants are prohibited from firing you or retaliating against you because you choose to participate in this settlement.

## X.    QUESTIONS ABOUT THE SETTLEMENT

Questions about the settlement, including requests to review the entire Settlement Agreement, should be directed to Plaintiff's counsel:

Nichols Kaster, PLLP
Reena I. Desai or Clara Coleman
4700 IDS Center

80 South 8th Street, Minneapolis, MN 55402
612-256-3200
Email: rdesai@nka.com, ccoleman@nka.com

# <u>RELEASE OF CLAIMS FORM</u>

**JACKSON V. SYNERGIES3 TEC SERVICES, LLC,**
**CASE NO. 4:19-cv-00178-SRC**
**AND**
**OVERLAND V. SYNERGIES3 TEC SERVICES, LLC, ET. AL.,**
**CASE NO. SA-20-CA-447-FB**

I acknowledge that I received the Notice of Settlement, which informed me that a settlement has been reached in the above-referenced Lawsuits involving Defendants Synergies3 TEC Services, LLC and its co-owners Eric Atchley and Benton Odom (collectively, "Defendants") and that I am eligible to participate in the settlement.

As part of the settlement in the above-captioned lawsuits, I understand that I will receive a payment of approximately [enter amount] pre-tax if I return postmarked this Release Form by [**DATE**].

By signing this Release, I acknowledge my acceptance of the settlement and understand that I am bound by the terms of the Release.  I agree that in exchange for my total settlement payment, I hereby knowingly and voluntarily completely release Defendants Synergies3, Eric Atchley, and Benton Odom and their respective predecessors and successors, current and former direct and indirect subsidiaries, parents, divisions, and affiliates, and the current and former servants, attorneys, agents, employees, owners, LLC members, shareholders, board members, directors and officers of any such entity from all claims asserted in the above-captioned Lawsuits, FLSA overtime claims related to the FLSA claims raised in the above-captioned Lawsuits, and corresponding state and local overtime law claims and common law claims for recovery of unpaid overtime, including without limitation the Missouri Minimum Wage Law, the Illinois Minimum Wage Law, and the Illinois Employee Classification Act, incurred while working in the installation technician position for Defendants from the beginning of time through July 6, 2021.

By signing below, I represent that I have not knowingly assigned, transferred, or encumbered, or purported to assign, transfer or encumber any portion of any liability, claim, demand, action, cause of action, or rights released or discharged in this Settlement.

Signature:   _____          Date:   _____
[NAME]
[ADDRESS]

**If your address is incorrect, please handwrite your correct address before submitting your Release Form. To participate in the settlement, mail, fax, or scan and email this form by [DATE] to:**

> **Analytics Consulting, LLC**
> **Synergies3 FLSA Litigation**
> **P.O. Box [enter]**

**Chanhassen, MN 55317-[enter]**
**Phone:**
**Fax**
**Email:**