# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CLINTON JACKSON and JAMES THOMAS, individually and on behalf of all others similarly situated, ) ) ) ) ) | |
| Plaintiff(s), ) ) | |
| ) | Case No. 4:19-cv-00178-SRC |
| v. ) ) | |
| SYNERGIES3 TEC SERVICES, LLC., ) ) | |
| Defendant(s). ) ) ) | |
| TALON OVERLAND, individually and on behalf of all others similarly situated, ) ) ) ) | |
| Plaintiff(s), ) ) | |
| v. ) ) | Case No. 4:21-cv-01008-SRC |
| SYNERGIES3 TEC SERVICES, LLC., BENTON ODOM, and ERIC ATCHLEY, ) ) ) ) | |
| Defendant(s). ) | |

## FINAL ORDER AND JUDGMENT

This matter having come before the Court for the consideration of the parties' [190] Joint Motion for Final FLSA Settlement Approval and Dismissal With Prejudice, and the Court being fully advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED, and DECREED**:

1

1. Unless stated otherwise, all capitalized terms used in this Final Order and Judgment shall be defined and interpreted in accordance with the definitions in the Parties' Settlement Agreement.

2. The Court has read and considered the papers filed in support the parties Joint Motion, including all exhibits thereto and supporting declaration. The Parties have provided the Court with sufficient information to enable it to determine whether to finally approve the Settlement.

3. The Court consolidated the above-entitled *Jackson* and *Overland* matters and preliminarily approved the Parties' Settlement Agreement in its Order dated August 26, 2021. Doc. 187. The parties submitted their Joint Motion for Final Approval on November 22, 2021. Doc. 190. The Court held a final approval hearing on November 30, 2021, at which time the Parties were afforded the opportunity to be heard.

4. The Court finds that it has jurisdiction over the subject matter of the *Jackson* and *Overland* matters and all claims raised therein, and has personal jurisdiction over all Parties to the *Jackson* and *Overland* matters, including all Settling Plaintiffs.

5. Based on the papers filed with the Court and the presentations made to the Court by the Parties at the final approval hearing, the Court now grants final approval to the Settlement and finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settling Plaintiffs because: Named Plaintiffs and Plaintiffs' Counsel have adequately and capably represented the Settling Plaintiffs; the Settlement Agreement was negotiated at arms-length between the Parties and only reached following a mediation, lengthy and ongoing settlement discussions and filing of dispositive motions; the monetary relief provided for the Settling Plaintiffs constitutes adequate compensation, taking into account the risks that both sides faced

with respect to the merits of the claims alleged and remedies requested, the costs, risks, and delay of trial and appeal, the hurdles involved in maintaining a collective action, and the expense and duration of further litigation, as well as the other factors; and the Settlement Agreement treats Settling Plaintiffs equitably relative to each other. Therefore, the Settlement is **FINALLY APPROVED.**

6. The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The terms of the Settlement Agreement shall be deemed incorporated herein as if explicitly stated and shall have the full force of an order of this Court.

7. The Court approves payment of attorneys' fees, costs and expenses to Plaintiffs' Counsel in the amount of $166,666.67 for fees, $20,421.16 for out-of-pocket litigation expenses, and $7,308.12 for administration costs, for a total of $194,395.95. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Plaintiffs' Counsel in support of approval of the Settlement and their request for attorneys' fees, costs, and expenses, finds the award of attorneys' fees, costs, and expenses appropriate and reasonable for the following reasons: First, the Court finds that the Settlement provides substantial benefits to the Settling Plaintiffs. Second, the Court finds the payment fair and reasonable in light of the substantial work performed by Plaintiffs' Counsel. Third, the Court concludes that the Settlement was negotiated at arms-length without collusion, and that the negotiation of the attorneys' fees only followed agreement on the settlement benefits for the Settling Plaintiffs. Finally, the Court notes that the Notices of Settlement advised the Settling Plaintiffs that Plaintiffs' Counsel would seek an award in the amount sought. Plaintiff's Counsels' request for attorneys' fees, out-of-pocket litigation costs, and settlement administration costs is **GRANTED;**

8. The Court approves payment of Service Awards in the amount of $5,000 for each of the three Named Plaintiffs—Clinton Jackson, James Thomas, and Talon Overland, and specifically finds such amount to be reasonable in light of the services performed by the Named Plaintiffs, including taking on the risks of litigation and helping achieve the compensation made available to the Settling Plaintiffs. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. Therefore, the three Named Plaintiffs, Clinton Jackson, James Thomas, and Talon Overland, are each **AWARDED** reasonable service awards of $5,000;

9. All checks issued to Settling Plaintiffs remaining un-cashed 90 days after issuance shall be distributed as *cy pres* funds. The parties' request for approval of the mutually agreed upon *cy pres* recipient, Legal Services of Eastern Missouri, is **GRANTED**;

10. Neither this Final Order and Judgment, the Settlement Agreement, nor the payment of any consideration in connection with the Settlement shall be construed or used as an admission or concession by or against Defendants or any of the Released Parties of any fault, omission, liability, or wrongdoing, or of the validity of any of the Released Claims. This Final Order and Judgment is not a finding as to the merits of any claims in this Litigation or a determination of any wrongdoing by Defendants or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any position, opinion, or determination of this Court as to the merits of the claims or defenses of the Parties.

11. The Court enters judgment and dismisses the Litigation with prejudice, with each Party to bear its own fees and costs (except as otherwise provided herein and in the Settlement Agreement) as to all Settling Plaintiffs claims against Defendants. The Court adjudges that the Released Claims and all of the claims described in the Settlement Agreement are released against

the Released Parties. The Settling Plaintiffs' claims are hereby **DISMISSED WITH PREJUDICE.**

12. Non-responder Plaintiffs' claims are hereby **DISMISSED WITHOUT PREJUDICE**. Non-responder Plaintiffs shall have 30 days upon entry of this Order to refile their claims. Failure to do so will forever forfeit any consent-based tolling.

13. The Court finds that no reason exists for delay in entering this Final Order and Judgment. Accordingly, the Clerk is directed to enter this Final Order and Judgment.

So ordered this 13th day of December 2021.

_____
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**